[No. 82731-1.   En Banc.]

Argued May 11, 2010.   Decided September 9, 2010.

THE STATE OF WASHINGTON, *Respondent*, v. ISIDRO SANCHEZ VALENCIA ET AL., *Petitioners*.

*Lisa E. Tabbut* and *John A. Hays*, for petitioners.

*Arthur C. Curtis, Prosecuting Attorney*, and *Michael C. Kinnie* and *John Peterson, Deputies*, for respondent.

¶1 STEPHENS, J. — Petitioners Isidro Sanchez Valencia and Eduardo Chavez Sanchez were convicted of possession of a controlled substance with intent to deliver and conspiracy to commit that crime. At sentencing, as a condition of community custody, they were barred from using items that could be used to ingest or process controlled substances, or to facilitate the sale or transfer of controlled substances. On appeal, the petitioners challenged this condition as unconstitutionally vague. The Court of Appeals declined to entertain their challenge, concluding it was not ripe for review. We reverse the Court of Appeals and hold that the issue is ripe for review and that the condition is void for vagueness.

## FACTS AND PROCEDURAL HISTORY

¶2 A jury convicted the petitioners of possession of a controlled substance with intent to deliver and conspiracy to commit that crime. At sentencing, the trial court imposed standard range sentences followed by a term of community custody. Among the conditions of community custody was the following provision:

> Defendant shall not possess or use any paraphernalia that can be used for the ingestion or processing of controlled substances or that can be used to facilitate the sale or transfer of controlled substances including scales, pagers, police scanners, and hand held electronic scheduling and data storage devices.

Clerk's Papers (Eduardo Chavez Sanchez) at 112.

¶3 Petitioners appealed, arguing before the Court of Appeals that the condition was unconstitutionally vague. The Court of Appeals concluded that because the petitioners were still incarcerated and had not yet been harmed by the condition of community custody, their vagueness challenge was not ripe. The Court of Appeals also opined that even if the claim were ripe, it would fail on the merits. We granted Valencia's and Sanchez's petitions for review.

## ANALYSIS

¶4 Petitioners are presently incarcerated and have not been charged with violating the challenged condition of community custody. We must therefore consider whether their vagueness claim is ripe. If it is, we must decide whether the condition is unconstitutionally vague.

A. Ripeness

¶5 We recently addressed a preenforcement challenge to a community custody condition in *State v. Bahl*, 164 Wn.2d 739, 193 P.3d 678 (2008). We recognized such a claim is ripe for review on direct appeal " 'if the issues raised are primarily legal, do not require further factual development, and the challenged action is final.' " *Id.* at 751 (quoting *First United Methodist Church v. Hr'g Exam'r*, 129 Wn.2d 238, 255-56, 916 P.2d 374 (1996)). "The court must also consider 'the hardship to the parties of withholding court consideration.' " *Id.* (quoting *First United*, 129 Wn.2d at 255).

¶6 Using this test, the Court of Appeals concluded that the petitioners' claims were not ripe. Focusing on the first prong, whether the issues raised are primarily legal, the Court of Appeals reasoned that "vagueness challenges which do not involve First Amendment rights must be evaluated in light of the particular facts of each case, rather than for facial invalidity, a purely legal analysis." *State v. Sanchez Valencia*, 148 Wn. App. 302, 320, 198 P.3d 1065 (citing *City of Spokane v. Douglass*, 115 Wn.2d 171, 182, 795 P.2d 693 (1990)), *review granted*, 166 Wn.2d 1010 (2009). Because the petitioners do not claim the condition of community custody infringes upon their First Amendment rights, the Court of Appeals concluded that their challenge could not be facial and must be treated as an as-applied challenge. *Id.* From this premise the Court of Appeals reasoned that the issues involved are not primarily legal because an as-applied challenge requires factual development about the specific facts alleged to violate the condition. *Id.*

¶7 The Court of Appeals' analysis misunderstands our opinion in *Bahl*. There, we considered a challenge to a condition of community custody prohibiting the possession of or access to pornography, beginning with consideration of whether the challenge was ripe. The State argued that "when First Amendment rights are not at issue, the court should consider vagueness challenges to conditions only with respect to the challenger's conduct," *Bahl*, 164 Wn.2d at 750, and because the petitioner had not yet engaged in conduct violating the conditions, the claim was not ripe. *Id*. This court disagreed, noting that the State's argument related not to ripeness, but to whether Bahl had *standing* to bring a vagueness challenge to the conditions of community custody. *Id*. We recognized that "a criminal defendant always has standing to challenge his or her sentence on grounds of illegality." *Id*.[1]

¶8 In *Bahl*, the State conceded that the condition at issue " 'arguably' concern[ed] First Amendment rights," *id.*, a concession the Court of Appeals in this case found significant. *Sanchez Valencia*, 148 Wn. App. at 320. It thus distinguished the petitioners' challenge on the ground that no such rights are implicated here. *Id*. But our ripeness analysis in *Bahl* did not rest on singling out a First Amendment challenge as unique, as the Court of Appeals seemed to believe. Rather, we applied a general, prudential ripeness test, emphasizing that courts routinely entertain preenforcement challenges to sentencing conditions. *Bahl*, 164 Wn.2d at 745-52. Only upon turning to the merits of Bahl's vagueness claim did we find the First Amendment context significant, noting that the context requires " 'a heightened level of clarity and precision' " in defining proscribed conduct. *Id*. at 753 (quoting *United States v. Will-*

---

[1] As we explained:

> In contrast to a constitutional challenge to a statute, the challenge is to sentencing conditions that apply uniquely to an individual defendant, who clearly has standing to challenge them, as terms of his or her sentence, on the basis of claimed illegality.

*Bahl*, 164 Wn.2d at 751.

*iams*, 444 F.3d 1286, 1306 (11th Cir. 2006), *rev'd on other grounds*, 553 U.S. 285, 128 S. Ct. 1830, 170 L. Ed. 2d 650 (2008)). But in determining whether review of the imposed condition was ripe, we did not find the First Amendment implication significant. The fact that no party has argued a First Amendment violation in this case is therefore of no relevance to whether this case is ripe for review.

■■ ¶9 Nevertheless, the Court of Appeals below was correct that in order to determine if a question is ripe for review, a court must first decide whether the issue is primarily legal. *Id.* at 751. The *Bahl* court noted that "[i]n many cases, vagueness questions will be amenable to resolution as questions of law." *Id.* at 752. The case upon which *Bahl* principally relied for its ripeness analysis, *United States v. Loy*, 237 F.3d 251 (3d Cir. 2001), offers a sound prescription for determining whether a question is purely legal. "In this case, the question is purely one of law: whether the pornography proscription is unconstitutionally vague and does not provide Loy with sufficient notice of what he may do. *Nothing about this contention will change between now and the time when he is released from prison.*" *Id.* at 258 (emphasis added). Although the conditions in *Bahl* and *Loy* are distinguishable from the condition here, it is equally true of the condition here that if it suffers from vagueness, time will not cure the problem. The reasoning in *Loy* is persuasive: "The government's approach would have Loy discover the meaning of his supervised release condition only under continual threat of reimprisonment, in sequential hearings before the court. Such an exercise is not necessary, nor will it clarify the issues." *Id.* We conclude that, as in *Bahl* and *Loy*, the claim here is primarily legal and therefore meets the first prong of the ripeness test.

¶10 The second prong of the ripeness test asks whether the issues require further factual development. Again, although the Court of Appeals treated the petitioners' claim as an as-applied challenge that required further factual development, in the context of ripeness, the question of whether the condition is unconstitutionally vague does not

require further factual development. The condition at issue places an immediate restriction on the petitioners' conduct, without the necessity that the State take any action. This is in contrast to conditions imposing financial obligations or allowing for the search of a person or residence, as identified in *Bahl*, 164 Wn.2d at 749 (challenge to sentencing condition imposing financial obligation not ripe until State takes action to collect fines (citing *State v. Ziegenfuss*, 118 Wn. App. 110, 113-15, 74 P.3d 1205 (2003))); *State v. Massey*, 81 Wn. App. 198, 200-01, 913 P.2d 424 (1996) (challenge to sentencing condition subjecting defendant to search premature until search actually conducted); *State v. Phillips*, 65 Wn. App. 239, 243-44, 828 P.2d 42 (1992) (same as *Ziegenfuss*). Such conditions are not ripe for review until the State attempts to enforce them because their validity depends on the particular circumstances of the attempted enforcement. With respect to a financial obligation, for example, the relevant question is whether the defendant is indigent *at the time the State attempts to sanction the defendant for failure to pay. See, e.g., Ziegenfuss*, 118 Wn. App. at 113-15. Thus, the factual development of the claim is essential to assessing its validity. Here, in contrast, the question is not fact dependent; either the condition as written provides constitutional notice and protection against arbitrary enforcement or it does not.[2]

¶11 The third prong of the ripeness test, whether the challenged action is final, is indisputably met here. The petitioners have been sentenced under the condition at issue. Finally, we must consider the hardship to the petitioners if we refused to review their challenge on direct appeal. Our analysis in *Bahl* is applicable here.

[2] In its supplemental brief, the State suggests that one of the factual determinations that must be made before the petitioners can bring a challenge is whether "the community corrections officers decide to impose the conditions." Suppl. Br. of Resp't at 4. But, the sentencing court, not the petitioners' respective corrections officers, is responsible for imposing the condition. To the extent the State's suggestion is that an individual corrections officer may choose not to enforce an imposed condition, this merely highlights a potential vagueness problem here insofar as it risks selective or arbitrary enforcement.

The State contends that Bahl is under no current hardship because the conditions of community custody do not yet apply to him (Bahl is still in prison). As Bahl contends, however, upon his release the conditions will immediately restrict him. *See* RCW 9.94A.631 (a community corrections officer may arrest or cause the arrest of an offender without a warrant if he or she suspects the offender has violated a condition; if arrested, the offender must be jailed). Also, as the court in *Loy* observed was true in that case, there is nothing that will change between the present time and Bahl's release that will affect the vagueness analysis. The risk of hardship is significant, and permitting a preenforcement challenge to be made as part of Bahl's appeal of right may reduce the risk.

*Bahl*, 164 Wn.2d at 751-52. As in *Bahl*, the petitioners here would suffer significant risk of hardship if we declined to review their vagueness challenge at this time.

¶12 In light of the foregoing analysis, we hold that petitioners' claim satisfies the test for ripeness set forth in *Bahl*. We must note, however, that our holding conflicts with *State v. Motter*, 139 Wn. App. 797, 162 P.3d 1190 (2007), upon which the Court of Appeals relied. *Sanchez Valencia*, 148 Wn. App. at 317. *Motter* concerned a vagueness challenge to a condition identical to the condition presented here. *Motter*, 139 Wn. App. at 803. A majority of the appeals court in *Motter* concluded that the vagueness claim was premature. *Id.* at 804. In doing so, the court relied upon *Massey*, 81 Wn. App. 198, and *State v. Langland*, 42 Wn. App. 287, 711 P.2d 1039 (1985). *Motter*, 139 Wn. App. at 804. *Massey* and *Langland* are distinguishable from the situation presented here and in *Motter*. As noted above, Massey's vagueness challenge was properly determined to be premature because it concerned a search condition that would not burden the defendant until the State initiated a search. *Massey*, 81 Wn. App. at 200. *Langland* did not present a vagueness challenge, but rather a challenge to a life sentence as violative of our state constitutional ban on cruel and unusual punishment. *Langland*, 42 Wn. App. at 291-92. But the life sentence in *Langland* had been suspended, and the court reasoned that the constitutional claim was merely

speculative until the suspended sentence was revoked and the life sentence in fact imposed. *Id.* at 292. Importantly, in both *Massey* and *Langland*, the challenged conditions required some other action by the State beyond the simple release of the defendant from prison before the conditions burdened the defendant. In contrast, here the condition immediately restricts the petitioners' conduct upon their release from prison. To the extent that it conflicts with this opinion, we disapprove of *Motter*. The petitioners' vagueness challenge to their community custody condition is ripe for review.[3]

## B. Vagueness

¶13 Because we conclude that petitioners' claim is ripe for review, we address the merits of their vagueness argument. "[T]he due process vagueness doctrine under the Fourteenth Amendment and article I, section 3 of the state constitution requires that citizens have fair warning of proscribed conduct." *Bahl*, 164 Wn.2d at 752. This assures that ordinary people can understand what is and is not allowed, and are protected against arbitrary enforcement of the laws. *Id.* at 752-53 (quoting *Douglass*, 115 Wn.2d at 178 (citing *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S. Ct. 1855, 75 L. Ed. 2d 903 (1983))).

¶14 As an initial matter, we must identify the proper standard of review when a community custody condition is challenged as being void for vagueness. Generally, "imposing conditions of community custody is within the discretion of the sentencing court and will be reversed if

---

[3] The petitioners raise an additional argument that the Court of Appeals' failure to review the vagueness claim on its merits violates their right to appellate review under article I, section 22 of the Washington State Constitution. Pet. for Review at 5; Br. of Appellant Sanchez at 16-21. The Court of Appeals rejected this argument on the ground that effective review remains available through a factually supported personal restraint petition. *Sanchez Valencia*, 148 Wn. App. at 318. But as petitioners note, Pet. for Review at 16-17, a defendant is not entitled to appointment of counsel when bringing a personal restraint petition, nor is the standard for review the same as on direct appeal. RAP 16.15(h). It thus appears that the Court of Appeals' result dismissing the petitioners' vagueness claim as premature risks offending article I, section 22. However, we need not decide this issue because we conclude that the vagueness challenge is ripe.

manifestly unreasonable." *Id.* at 753. The imposition of an unconstitutional condition is, of course, manifestly unreasonable. *Id.* In *Bahl* we stated that, in challenging a condition of custody as opposed to a statute or ordinance, the challenger does not have to overcome a presumption of constitutionality. *Id.* The Court of Appeals below criticized this statement as ignoring our precedent to the contrary. *Sanchez Valencia,* 148 Wn. App. at 324. In *State v. Riles,* 135 Wn.2d 326, 348, 957 P.2d 655 (1998), we said of a challenge to a sentencing condition that the challenger "has the burden of overcoming the presumption of constitutionality." In addition to *Riles,* the Court of Appeals cited to language supporting the presumption of constitutionality in *City of Seattle v. Eze,* 111 Wn.2d 22, 759 P.2d 366 (1988) and *State v. Sansone,* 127 Wn. App. 630, 111 P.3d 1251 (2005). *Sanchez Valencia,* 148 Wn. App. at 323. In candor, we have not always been clear on this point, and we take this opportunity to resolve it, adhering to the standard of review announced in *Bahl.*

¶15 While *Riles* indicated a presumption in favor of the constitutionality of a community custody condition, this was error. *Riles* cited as authority a case involving a challenge to a statute. *Riles,* 135 Wn.2d at 348 n.81 (citing *State v. Halstien,* 122 Wn.2d 109, 118, 857 P.2d 270 (1993)). Similarly, *Sansone,* a case about a sentencing condition, cited case law involving a statute in support of its imposition of the presumption. *Sansone,* 127 Wn. App. at 639 (citing *Haley v. Med. Disciplinary Bd.,* 117 Wn.2d 720, 739, 818 P.2d 1062 (1991) (concerning constitutionality of a statute regulating conduct of medical professionals)). *Eze* involved an ordinance. 111 Wn.2d at 26. In *Bahl,* we distinguished constitutional challenges to legislative enactments, noting that such acts of a coordinate branch of government are entitled to a presumption of constitutionality, whereas sentencing conditions remain subject to abuse of discretion review. *Bahl,* 164 Wn.2d at 753.

¶16 The Court of Appeals found this distinction unconvincing, comparing sentencing conditions to adminis-

trative regulations, which are presumed to be valid and "which are also not laws passed by the legislature." *Sanchez Valencia*, 148 Wn. App. at 324. Accordingly, it presumed the condition at issue was constitutional and required the petitioners to show it was unconstitutionally vague beyond a reasonable doubt. *Id.* This reasoning overlooks the fact that administrative regulations are promulgated by an agency pursuant to legislatively delegated authority. *See St. Francis Extended Health Care v. Dep't of Soc. & Health Servs.*, 115 Wn.2d 690, 702, 801 P.2d 212 (1990). Moreover, like legislative enactments, administrative regulations implicate the actions of a coordinate branch of government. In contrast, review of sentencing conditions involves the court "minding its own house," so to speak, making a less deferential standard of review appropriate.[4] Thus, we do not presume the condition here is constitutional. As in *Bahl*, we apply an abuse of discretion standard of review, and if the condition is unconstitutionally vague, it will be manifestly unreasonable. *Bahl*, 164 Wn.2d at 753.

¶17 The Court of Appeals correctly noted that "a community custody condition 'is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which his actions would be classified as prohibited conduct.'" *Sanchez Valencia*, 148 Wn. App. at 321 (quoting *Eze*, 111 Wn.2d at 27). But the Court of Appeals then reasoned that

> [t]he condition is sufficiently specific to notify [the petitioners] that they shall not use or possess drug paraphernalia. The fact that many legitimate items may be used to ingest or sell drugs does not make this condition unconstitutionally vague, because an item is not drug paraphernalia if possessed for its intended, lawful use. This is particularly true when the condition lists

---

[4] We also note that an abuse of discretion standard of review comports with the "more searching" inquiry we engage in when a sentencing condition is challenged as violating constitutional rights. *See In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 374-75, 229 P.3d 686 (2010) (noting that whether sentencing condition offends constitutional right is a legal question subsumed within review for abuse of discretion).

several common items that [the petitioners] are prohibited from possessing.

*Id.* at 322.

¶18 The Court of Appeals came to its conclusion that the condition is sufficiently specific by misreading the plain language of the condition, erroneously stating that the condition prohibits the petitioners from possessing " 'drug paraphernalia.' " Supp'l Br. of Appellant at 8 (quoting *Sanchez Valencia*, 148 Wn. App. at 321). In fact the condition does not specify that the petitioners are prohibited from possessing "drug paraphernalia." Rather, it proscribes possession or use of the much broader category "any paraphernalia." "Paraphernalia" is defined to include the "property of a married woman that she can dispose of by will," or "personal belongings," or "articles of equipment," or "APPURTENANCES." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1638 (2002). Although the word "paraphernalia" in the popular vernacular is often linked to drug use, there is nothing in the condition as written that limits petitioners to refraining from contact with drug paraphernalia. The Court of Appeals also erroneously read into the condition an intent element. Intent is not part of the condition as written. The condition is no more acceptable from a vagueness standpoint than the conditions we found vague in *Bahl*. As in *Bahl*, the vague scope of proscribed conduct fails to provide the petitioners with fair notice of what they can and cannot do.

¶19 Moreover, the breadth of potential violations under this condition offends the second prong of the vagueness test, rendering the condition unconstitutionally vague. Because the condition might potentially encompass a wide range of everyday items, it " 'does not provide ascertainable standards of guilt to protect against arbitrary enforcement.' " *Bahl*, 164 Wn.2d at 753 (quoting *Kolender*, 461 U.S. at 357). As petitioners note, "an inventive probation officer could envision any common place item as possible for use as drug paraphernalia," such as sandwich bags or paper. Supp'l Br. of Appellant at 10. Another probation officer

might not arrest for the same "violation," i.e., possession of a sandwich bag. A condition that leaves so much to the discretion of individual community corrections officers is unconstitutionally vague. Accordingly, we hold that the condition at issue is void for vagueness.

## CONCLUSION

¶20 The petitioners present a ripe claim that the condition of sentencing imposed upon them is unconstitutionally vague. We reverse the Court of Appeals, strike the condition as being void for vagueness, and remand to the trial court for resentencing.

MADSEN, C.J., and C. JOHNSON, ALEXANDER, SANDERS, CHAMBERS, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., concur.

¶21 J.M. JOHNSON, J. (concurring) — I agree with the majority that the sentencing condition was too vague. On remand, the sentencing court can easily correct its error by changing the prohibition on "paraphernalia" to "drug paraphernalia." A ban on "drug paraphernalia" is sufficient to inform the petitioners of what is proscribed and prevent arbitrary enforcement. Even if common parlance fails to adequately dictate the contours of "drug paraphernalia," two separate criminal statutes, codified by the Uniform Controlled Substances Act, identically define the term as

> all equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance.

RCW 69.50.102(a), .4121(1). Both statutes proceed to give nonexhaustive lists of items that qualify as drug paraphernalia, with one subsection explicitly mentioning drug scales. RCW 69.50.102(a)(5).

¶22 These statutory definitions and associated examples of drug paraphernalia are presumably known to the public, see *Maynard Investment Co. v. McCann*, 77 Wn.2d 616, 624, 465 P.2d 657 (1970), and will sufficiently inform the petitioners as to what is prohibited.[5] The definitions are also clear enough to prevent community corrections officers or other government actors from acting in an impermissibly arbitrary manner. By inserting the word "drug" into the prohibition (and the appurtenant use, intent, and design requirements implied by the term), due process would be satisfied. And the concerns of the majority, such as the theoretical innocent possession of a sandwich bag, would be avoided.

[No. 82907-1. En Banc.]
Argued May 6, 2010.     Decided September 9, 2010.

---

[5] Though neither RCW 69.50.102(a) nor RCW 69.50.4121(1) specifically applies to community custody provisions, RCW 69.50.102(a) does explicitly apply to the entire Uniform Controlled Substances Act. As petitioners were convicted of violating part of the act, its definition of "drug paraphernalia" should be sufficient to dispel vagueness concerns.