FILED
COURT OF APPEALS
DIVISION II

2013 OCT 22 AM 8:54

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44207-8-II |
| Respondent, | |
| v. | |
| JEREMY LEE TAFT, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, A.C.J. — A jury found Jeremy Lee Taft guilty of third degree assault and obstructing a law enforcement officer. The trial court sentenced Taft to probation and included a sentence provision that he not possess any paraphernalia that could be used to ingest controlled substances. Taft appeals the legality of this provision in his judgment and sentence and claims the trial court erred in imposing it because it is (1) unconstitutionally vague and (2) unrelated to his crime. Based on our Supreme Court's ruling in *State v. Sanchez Valencia*,[1] we accept the State's concession that the trial court imposed an unconstitutionally vague probation condition; accordingly, we strike the probation condition and remand for resentencing.[2]

---

[1] 169 Wn.2d 782, 791-92, 239 P.3d 1059 (2010).

[2] Because we find that the trial court imposed an unconstitutionally vague probation condition, we need not address Taft's argument that the condition was unrelated to his crime.

No. 44207-8-II

FACTS

A jury found Taft guilty of third degree assault and obstructing a law enforcement officer. The trial court included the following condition in Taft's judgment and sentence:

> Defendant shall not possess or use any paraphernalia that can be used for the ingestion or processing of controlled substances or that can be used to facilitate the sale or transfer of controlled substances including scales, pagers, police scanners, or hand held electronic scheduling and data storage devices. Defendant shall not frequent known drug activity areas or residences.

Clerk's Papers at 9.

Taft appeals that condition of his judgment and sentence.[3]

ANALYSIS

VAGUENESS

Taft argues that the trial court sentenced him to an unconstitutionally vague probation condition. The State concedes the error. We accept the State's concession.

We review challenged probation conditions for abuse of discretion and will reverse if they are manifestly unreasonable. *State v. Sanchez Valencia,* 169 Wn.2d 782, 791-92, 239 P.3d 1059 (2010). Unconstitutionally vague probation conditions are manifestly unreasonable. *Sanchez Valencia,* 169 Wn.2d at 792.

The Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington State Constitution require that citizens have fair warning of proscribed conduct. *State v. Bahl,* 164 Wn.2d 739, 752, 193 P.3d 678 (2008). A probation condition is unconstitutionally vague if it fails to inform ordinary people of what is and is not allowed, or if it

---

[3] Taft appeals his entire judgment and sentence. Br. of Appellant at 3. But, because Taft only challenged one specific probation condition in his brief, we only review that condition. *See* RAP 10.3(a)(6).

2

fails to protect against arbitrary enforcement of the condition. *Sanchez Valencia*, 169 Wn.2d at 791.

The Washington Supreme Court previously ruled that the probation condition Taft is challenging is unconstitutionally vague. *See Sanchez Valencia*, 169 Wn.2d at 785, 795. In *Sanchez Valencia*, the challenged probation condition was as follows:

> Defendant shall not possess or use any paraphernalia that can be used for the ingestion or processing of controlled substances or that can be used to facilitate the sale or transfer of controlled substances including scales, pagers, police scanners, and hand held electronic scheduling and data storage devices.

169 Wn.2d at 785. The Supreme Court stated that language could encompass a wide range of everyday items, including "sandwich bags or paper." *Sanchez Valencia*, 169 Wn.2d at 794. Since the condition encompassed such a broad range of items, it left too much discretion with individual corrections officers regarding who to arrest. *Sanchez Valencia*, 169 Wn.2d at 794-95. Thus, the condition was not specific enough to protect against arbitrary enforcement and was unconstitutionally vague. *Sanchez Valencia*, 168 Wn.2d at 794-95. The Supreme Court therefore struck Sanchez Valencia's probation condition as being void for vagueness and remanded to the trial court for resentencing. *Sanchez Valencia*, 169 Wn.2d at 795.

Here, Taft's probation condition is almost identical to the unconstitutionally vague condition in *Sanchez Valencia*. Since the conditions are essentially identical, *Sanchez Valencia* controls our decision. Like *Sanchez Valencia*, Taft's probation condition is not specific enough to protect against arbitrary enforcement and is therefore unconstitutionally vague.

3

No. 44207-8-II

We strike Taft's probation condition as being void for vagueness and remand to the trial court for correction of the judgment and sentence. *See Sanchez Valencia*, 169 Wn.2d at 795.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, A.C.J.

We concur:

Penoyar,

Bjorgen, J.

4