# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) ) | No. 69706-4-I |
| v. | ) ) | UNPUBLISHED OPINION |
| MARY ELIZABETH MAZALIC, | ) ) | |
| Appellant. | ) ) | FILED: June 9, 2014 |

DWYER, J. — A trial court may impose conditions of community custody that serve to monitor compliance with other conditions. In this case, the trial court ordered Mary Mazalic to submit to urinalysis and breath alcohol examinations as a condition of her community custody. Whereas urinalysis examinations will monitor compliance with other conditions of Mazalic's community custody, breath alcohol tests are unrelated to any other condition. We therefore reverse with respect to the imposition of breath alcohol tests, and affirm the trial court in all other respects.

I

Mazalic was convicted by a jury of assault of a child in the first degree (count I),[1] criminal mistreatment in the first degree (count II),[2] and tampering with a witness (count III).[3] The jury also returned special verdicts on the first two counts, finding that Mazalic manifested deliberate cruelty toward the victim, that she knew or should have known that the victim was particularly vulnerable, and

---

[1] RCW 9A.36.120.
[2] RCW 9A.42.020.
[3] RCW 9A.72.120.

that she abused a position of trust.

Based on the jury's findings, the trial court imposed sentences of 360 months on count I, 120 months on count II, and 12 months on count III, all sentences to run concurrently. With respect to count I, the trial court also imposed 36 months of community custody. As conditions of her community custody, the trial court ordered Mazalic to "[o]bey all municipal, county, state, tribal and federal laws" and to "[p]articipate in a mental health evaluation and abide by any recommended course of treatment, to include a regimen of prescribed medications, as directed by the supervising Community Corrections Officer." Community Custody Conditions 3, 12. The trial court did not order Mazalic to refrain from consuming alcohol or controlled substances. Nevertheless, the trial court imposed a condition ordering Mazalic to "[p]articipate in urinalysis, Breathalyzer, and polygraph examinations as directed by the supervising Community Corrections Officer, to monitor compliance with conditions of community custody." Community Custody Condition 15. At the sentencing hearing, the trial court explained its reasoning for ordering this condition:

> I'm aware that I haven't ordered her not to drink, and I haven't ordered her not to consume controlled substances, but I have ordered her to follow all state, local, municipal, and tribal laws. So number 15 is appropriate to enforce that condition.

Mazalic appeals.

II

Mazalic contends that the trial court erred by imposing a community custody condition to submit to breath alcohol tests. This is so, she asserts, because this condition could not reasonably be used to monitor her other community custody conditions. The State concedes that the trial court erred by ordering Mazalic to participate in breath alcohol examinations. We accept the State's concession.

"'[I]mposing conditions of community custody is within the discretion of the sentencing court and will be reversed if manifestly unreasonable.'" State v. Sanchez Valencia, 169 Wn.2d 782, 791-92, 239 P.3d 1059 (2010) (quoting State v. Bahl, 164 Wn.2d 739, 753, 193 P.3d 678 (2008)). A sentence is manifestly unreasonable "if the court, despite applying the correct legal standard to the supported facts, adopts a view 'that no reasonable person would take,' and arrives at a decision 'outside the range of acceptable choices.'" State v. Rohrich, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (quoting State v. Lewis, 115 Wn.2d 294, 298–99, 797 P.2d 1141 (1990); State v. Rundquist, 79 Wn. App. 786, 793, 905 P.2d 922 (1995)). "A trial court has authority to impose monitoring conditions," such as urinalysis and breath alcohol tests, to ensure compliance with other conditions of community custody. State v. Riles, 135 Wn.2d 326, 342, 957 P.2d 655 (1998) overturned on other grounds by State v. Valencia, 169 Wn.2d 782, 239 P.3d 1059 (2010).

Here, the trial court required Mazalic to "[o]bey all municipal, county, state, tribal and federal laws." It is not illegal for a person over the age of 21 to possess

- 3 -

or consume alcohol. As such, submission to breath alcohol tests does not reasonably monitor whether Mazalic is obeying all laws. Moreover, the trial court did not restrict Mazalic's consumption of alcohol as a condition of her community custody. Submission to a breath alcohol test is unrelated to any condition of Mazalic's community custody. Accordingly, we accept the State's concession and remand with instructions to the trial court to strike any reference to breath alcohol testing from the community custody conditions.

III

Mazalic further contends that the trial court erred by imposing a community custody condition to submit to urinalysis examinations. This is so, she asserts, because this condition could not reasonably be used to monitor her other community custody conditions. The State asserts that the trial court did not err by requiring Mazalic to participate in urinalysis testing because consumption of controlled substances without a prescription is against the law. The State's analysis is sound.

As previously set forth, "[a] trial court has authority to impose monitoring conditions," to ensure compliance with other conditions. Riles, 135 Wn.2d at 342. The trial court required Mazalic to "[o]bey all municipal, county, state, tribal and federal laws." As the State correctly notes, possession of controlled substances without a prescription, with the exception of certain amounts of marijuana, is a crime. RCW 69.50.4013. It is also a crime to use drug paraphernalia to ingest any controlled substance, except marijuana. RCW 69.50.412. A urinalysis examination would allow the supervising Community

- 4 -

Corrections Officer to determine whether Mazalic had at one time possessed or ingested a controlled substance. Accordingly, this condition reasonably monitors whether Mazalic has complied with the condition that she obey all laws.

Moreover, the trial court also ordered Mazalic to "[p]articipate in a mental health evaluation and abide by any recommended course of treatment, to include a regimen of prescribed medications." A urinalysis examination would allow the supervising Community Corrections Officer to determine whether Mazalic was abiding by her recommended medication regimen, to the exclusion of other controlled substances. Thus, the condition to submit to urinalysis examinations also reasonably monitors whether Mazalic has complied with her mental health community custody condition.

The trial court did not err by ordering Mazalic to submit to urinalysis examinations as a condition of her community custody.

Affirmed in part, reversed in part.

Dwyer, J.

We concur:

Cox, J.

Becker, J.