# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  47020-9-II |
| Respondent, | |
| v. | |
| JAMIE A. HESLEN, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Jamie A. Heslen appeals her conviction for unlawful possession of a controlled substance (methamphetamine) and the imposition of a community custody provision. We hold that the State provided sufficient evidence to show that Heslen had actual or constructive possession of methamphetamine and the trial court did not err when it imposed a community custody condition prohibiting her from possessing or consuming marijuana.  Accordingly, we affirm Heslen's conviction and sentence.

## FACTS

On January 17, 2014, Officer Garrett Spencer stopped a pickup truck and arrested the driver.  During a search incident to arrest, he found a small baggie of suspected methamphetamine in the driver's pocket.  Heslen was a passenger in the truck.

Officer Spencer contacted Deputy Ryan Tully, who advised that he had probable cause to arrest Heslen for delivery of a controlled substance.  Officer Spencer arrested Heslen and read her

*Miranda*[1] warnings. Deputy Tully arrived at the scene and spoke with Heslen. Heslen told Deputy Tully that the backpack in the passenger seat belonged to her and that there was "possibly some marijuana in it." Verbatim Report of Proceedings (Aug. 6, 2014) at 32.

The following morning Deputy Tully, Officer Spencer, and Lieutenant Jim Bergstrom executed the search warrant for the truck. While searching the truck, Lieutenant Bergstrom located the only backpack found in the truck and found three cards that he believed to be health cards with Heslen's name on them. Deputy Tully assisted in searching the backpack and located a pipe containing methamphetamine within a pouch inside the backpack.

After a bench trial, the trial court found Heslen guilty of unlawful possession of a controlled substance (methamphetamine). At sentencing, the trial court found that Heslen had a chemical dependency that contributed to the offense unlawful possession of a controlled substance (methamphetamine), ordered her to submit to a drug evaluation, ordered her to comply with recommended services and treatment, and prohibited her from possessing or consuming marijuana during her community custody term. Heslen appeals her conviction and the community custody prohibition related to possessing or consuming marijuana.

## ANALYSIS

### I. UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE

Heslen argues that the State did not show that she physically controlled a backpack, pipe, or methamphetamine at the time of her arrest or that she had constructive possession of the methamphetamine. We disagree.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Berg* 181 Wn.2d 857, 867, 337 P.3d 310 (2014). A claim of insufficiency admits the truth of the State's evidence, and all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant. *State v. Andy*, 182 Wn.2d 294, 303, 340 P.3d 840 (2014). We defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *Andy*, 182 Wn.2d at 303.

Possession may be actual or constructive. *State v. Chouinard*, 169 Wn. App. 895, 899, 282 P.3d 117 (2012). Constructive possession is the exercise of dominion and control over an item. *State v. Davis*, 182 Wn.2d 222, 227, 340 P.3d 820 (2014). Constructive possession is established by viewing the totality of the circumstances, including the proximity of the property and ownership of the premises where the contraband was found. *Davis*, 182 Wn.2d at 234. However, mere proximity is insufficient to show dominion and control. *Davis*, 182 Wn.2d at 234.

Here, by claiming insufficiency of the evidence, Heslen admits the State's evidence that the pipe containing methamphetamine was found within a pouch located in the backpack that she admitted belonged to her. The totality of the circumstances provides substantial evidence for the fact finder to reasonably infer that Helsen had constructive possession of the backpack and that she possessed the pipe containing methamphetamine. Accordingly, we affirm Helsen's conviction.

## II. Community Custody Condition

Heslen also argues that the trial court erred when it imposed a prohibition from possessing or consuming marijuana while in community custody. We disagree.

### A. Ripeness

The State argues that the matter is not ripe for review because marijuana is a federally controlled substance and state law is preempted. We disagree.

The claim is ripe if the issues raised are primarily legal, do not require further factual development, and the challenged action is final. *State v. Cates*, 183 Wn.2d 531, 534, 354 P.3d 832 (2015). Here, the issue is primarily legal because Heslen is arguing that the trial court did not have the statutory authority to prohibit her possession or consumption of marijuana as a condition of community custody. No factual developments are required and the challenged action is final. *State v. Valencia*, 169 Wn.2d 782, 789-90, 239 P.3d 1059 (2010) (holding that sentencing conditions are final).

### B. Community Custody Conditions

Heslen argues that the trial court did not have the statutory authority to impose a community custody condition prohibiting her possession or consumption of legal quantities of marijuana because it is not crime-related and it did not contribute to the offense of unlawful possession of a controlled substance (methamphetamine). We disagree.

We review a trial court's statutory authority to impose a community custody condition de novo. *State v. Acevedo*, 159 Wn. App. 221, 231, 248 P.3d 526 (2010). Where the trial court has statutory authority, we review the imposition of a condition for abuse of discretion. *State v. Polk*, 187 Wn. App. 380, 397, 348 P.3d 1255 (2015). We review the trial court's finding that the

community custody prohibition is crime-related for substantial supporting evidence. *State v. Zimmer*, 146 Wn. App. 405, 413, 190 P.3d 121 (2008).

A sentencing court has the statutory authority to impose crime-related prohibitions and community custody conditions as part of a sentence under RCW 9.94A.505(9).[2] RCW 9.94A.703 authorizes specific mandatory, waivable, and discretionary conditions as a part of any term of community custody. Unless waived by the court, the court shall order an offender to refrain from possessing or consuming controlled substances except pursuant to lawfully issued prescriptions. RCW 9.94A.703(2)(c). Additionally, the court may order an offender to refrain from possessing or consuming controlled substances, including alcohol, or to comply with any crime-related prohibitions. RCW 9.94A.703(3)(e), (f); *see State v. Julian*, 102 Wn. App 296, 304-05, 9 P.3d 851 (2000) ("While the link between the condition imposed and the crime committed need not be causal, the condition must be related to the circumstances of the crime.").

Here, the trial court expressly found that Heslen had a chemical dependency that contributed to her offense of unlawful possession of methamphetamine and Heslen does not challenge the trial court's finding. Thus, the prohibition against possession and consumption of marijuana was crime-related and we hold that the trial court properly exercised its discretion by prohibiting Heslen from possessing or consuming marijuana during her community custody.

---

[2] Former RCW 9.94A.505(8) (2010), *amended by* LAWS OF 2015, ch. 287, § 10.

No. 47020-9-II

CONCLUSION

We affirm Heslen's conviction and hold that the trial court did not err when it imposed a community custody condition prohibiting Heslen from possessing or consuming marijuana.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, A.C.J.

MELNICK, J.

6