FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2016 OCT -3 AM 9: 49



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON | ) |
| Respondent, | ) No. 73653-1-I |
| v. | ) DIVISION ONE |
| JOHN MARVIN BILL, | ) UNPUBLISHED OPINION |
| Appellant. | ) FILED: October 3, 2016 |

APPELWICK, J. — Bill appeals the community custody portion of his sentence for first degree child molestation. He challenges three conditions of community custody, arguing that they are unauthorized or unconstitutionally vague. We accept the State's concession that two conditions are vague and must be stricken or clarified. We affirm in part and remand in part.

## FACTS

Based on allegations that John Bill molested a young boy while swimming with family members at a lake, the State charged him with first degree child molestation. A jury convicted him as charged. The court sentenced Bill to 60 months to life in confinement and a lifetime term of community custody. The community custody conditions included the following:

4.  Do not initiate or prolong contact with minor children without the presence of an adult who is knowledgeable of the offense

and has been approved by the supervising Community Corrections Officer.

5. Do not seek employment or volunteer positions, which place you in contact with or control over minor children.

6. Do not frequent areas where minor children are known to congregate, as defined by the supervising Community Corrections Officer.

. . . .

11. Hold employment only in a position where you always receive direct supervision.

. . . .

19. Based on eligibility, enter and successfully complete identified interventions to assist you to improve your skills, relationships, and ability to stay crime free.

Bill appeals.

## DISCUSSION

A community custody condition is unconstitutionally vague if it fails to provide ordinary people fair warning of proscribed conduct or allows for arbitrary enforcement. State v. Irwin, 191 Wn. App. 644, 652-53, 364 P.3d 830 (2015). Bill contends conditions 6 and 19 are unconstitutionally vague. The State concedes that condition 6 is vague under our decision in Irwin. 191 Wn. App. at 652, 655 (striking condition stating, "Do not frequent areas where minor children are known to congregate, as defined by the supervising [community corrections officer]" as void for vagueness). We accept the State's concession and strike condition 6 as unconstitutionally vague.

Condition 19, which requires Bill to "successfully complete identified interventions," is also unconstitutionally vague. Bill correctly points out, and the State concedes, that the court failed to identify either the "interventions" or the person or entity who would identify them. As written, this condition is subject to arbitrary enforcement and is unconstitutionally vague. See id. at 654. We accept the State's concession of error and strike condition 19.[1]

Bill also challenges condition 11, which requires him to "[h]old employment only in a position where you always receive direct supervision." He claims this condition is not authorized by statute and that no evidence links the condition to the circumstances of his offense. We disagree.

A sentencing court has authority to impose crime-related prohibitions or affirmative conditions as part of an offender's community custody. RCW 9.94A.505(9); .703(3) (c)-(d), (f); see also RCW 9.94A.607 (1). A "crime-related prohibition" is one that "directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10). Courts also have authority to impose conditions that ensure compliance with other conditions of community custody. See State v. Vant, 145 Wn. App. 592, 604, 186 P.3d 1149 (2008); State v. Riles, 135 Wn.2d 326, 342-43, 351-52, 957 P.2d 655 (1988), abrogated on other grounds by State v. Valencia, 169 Wn.2d 782, 239 P.3d 1059 (2010); RCW 9.94A.030(10) ("[A]ffirmative acts necessary to monitor compliance

---

[1] We express no opinion regarding the State's contention that conditions 6 and 19 could be redrafted to pass constitutional muster.

with the order of a court may be required by the department."). Community custody conditions are within the court's discretion and will be reversed only if manifestly unreasonable. Valencia, 169 Wn.2d at 791-92.

Here, the trial court imposed a number of conditions designed to prevent Bill from having unsupervised contact with minors. Conditions 4 and 5, which are unchallenged, prohibit Bill from initiating or prolonging contact with minor children without the presence of an adult and from seeking employment that places him in contact with minor children. Condition 11 ensures compliance with these unchallenged conditions. It is therefore authorized by the authorities cited above. It is also authorized by statute because it is crime related. RCW 9.94A.703(3)(f). Bill's offense occurred in public and in the presence of members of his extended family. Because the molestation was not limited to private locations and occurred in the presence of others, supervision at Bill's place of employment is related to, and warranted by, the circumstances of his offense.

Affirmed in part and remanded in part for proceedings consistent with this opinion.

WE CONCUR:

_Appelwick, J._

_Spearman, J._

_Cox, J._