**FILED**
**OCTOBER 17, 2017**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34713-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| GIL SALGADO VELAZQUEZ, JR., | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — A jury found Gil Velazquez guilty of second degree child molestation and fourth degree assault with sexual motivation. The trial court sentenced Velazquez within the standard range, including 36 months of community custody. Velazquez challenges three of his community custody conditions. We accept the State's concessions that two of the three challenged conditions should be stricken, and generally uphold the condition that prohibits Velazquez from "frequent[ing] places where children congregate, including but not limited to parks, playgrounds or schools." Clerk's Papers (CP) at 88.

FACTS

On February 23, 2016, 13-year-old M.M. was shopping with her mother and younger sister at a Walmart in Ephrata, Washington. While in the deodorant aisle, she felt someone brush up against her from behind. She saw Velazquez, whom she did not know, walking away. M.M. was surprised because although the aisle was crowded, there was plenty of room for him to pass by her.

M.M. and her younger sister later went to the hair accessory aisle. M.M. was concerned when she saw Velazquez behind her, pacing back and forth. Velazquez stopped behind her and reached above her for an item. As he did this, he pressed his pelvic area against M.M.'s backside, and put his hand on her waist. M.M. quickly pulled away. M.M. was very upset and told her mother about both incidents. Her mother contacted Walmart employees and reported the incidents.

Also that day, Connie Sisco encountered Velazquez while shopping at Walmart. Velazquez brushed up against her from behind when attempting to pass her. Sisco was shocked and offended. She continued shopping and became increasingly worried when she saw Velazquez in the same areas she was shopping.

Employees, responding to the complaint from M.M.'s mother, located Velazquez and called police. Velazquez told police he had inadvertently bumped into M.M. while

reaching for an item. Police viewed store security video and noticed that Velazquez had contact with several female shoppers that day. Police posted an online request for people who experienced offensive touching that day at Walmart to come forward. Sisco responded to the request.

The State charged Velazquez with second degree child molestation, or alternatively, second degree attempted child molestation, both as to M.M, and fourth degree assault with sexual motivation as to Sisco. The jury found Velazquez guilty of second degree child molestation and fourth degree assault with sexual motivation.

The trial court imposed a standard range sentence of 48 months for the second degree child molestation conviction, imposed a consecutive 364 day sentence for the misdemeanor assault conviction, and imposed 36 months of community custody. Relevant to this appeal are the following three community custody conditions: "Do not purchase, possess or view any pornographic material. . . . Do not frequent places where children congregate, including but not limited to parks, playgrounds or schools. . . . No internet/email/social media access." CP at 88.

Velazquez appealed.

3

No. 34713-3-III
*State v. Velazquez*


## ANALYSIS

Velazquez challenges the three community custody conditions set forth above. He argues the first condition should be stricken because it is not crime related and is unconstitutionally vague. The State concedes both arguments, and we accept the State's concession. Velazquez argues the third condition should be stricken because it is not crime related. The State concedes that argument, too, and we accept the State's concession.

Velazquez argues the second condition should be stricken because it is unconstitutionally vague and because it violates his First Amendment to the United States Constitution right to religious freedom. The State contends, and we mostly agree, that the second condition is proper.

*A.    Standard of review*

We review community custody conditions for an abuse of discretion. *State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015). The abuse of discretion standard applies whether this court is reviewing a crime-related community custody condition, or reviewing a community custody condition for vagueness. *See id.* at 652, 656; *State v. Sanchez Valencia*, 169 Wn.2d 782, 791-92, 239 P.3d 1059 (2010); *State v. Cordero*, 170

4

Wn. App. 351, 373, 284 P.3d 773 (2012). Imposing an unconstitutional condition is always an abuse of discretion. *Irwin*, 191 Wn. App. at 652.

    *B.*    *Prohibition against frequenting places where children congregate*

        *1.*    *The condition is not unconstitutionally vague*

The guarantee of due process contained in the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington Constitution requires that laws not be vague. *State v. Magana*, 197 Wn. App. 189, 200, 389 P.3d 654 (2016). Because a violation of a community custody condition can subject a person to arrest and incarceration, vagueness prohibitions extend to community custody conditions. *See Sanchez Valencia*, 169 Wn.2d at 791-92. A community custody condition is not unconstitutionally vague so long as it: (1) provides ordinary people with fair warning of the proscribed conduct, and (2) has standards that are definite enough to "'protect against arbitrary enforcement.'" *Magana*, 197 Wn. App. at 200-01 (internal quotation marks omitted) (quoting *State v. Bahl*, 164 Wn.2d 739, 753, 193 P.3d 678 (2008)).

Velazquez relies on *Irwin*. In that case, one of Samuel Irwin's conditions prevented him from frequenting "'areas where minor children are known to congregate, as defined by the supervising CCO [community corrections officer].'" *Irwin*, 191 Wn. App. at 650. That court decided the condition could not satisfy either prong of the

5

vagueness test. *Id.* at 655. The condition needed either clarifying language such as the language the trial court used in the sentencing hearing but not in the condition, or an illustrative list, so that an ordinary person would have fair warning of the proscribed conduct. *Id.* at 654-55. The condition also was subject to arbitrary enforcement because the CCO in that case was able to define the proscribed conduct, which would otherwise have cured notice. *Id.*

### a. *Fair warning of proscribed conduct*

Here, the trial court tailored the condition to comply with *Irwin* by use of an illustrative list of places where children often congregate. Velazquez asserts the condition, even with the illustrative list, is unconstitutionally vague. He argues that some schools or parks are areas where children congregate, whereas others, such as the University of Washington or state parks, are not. Construing the condition in a sensible manner, we disagree.

A clear reading of the condition indicates the first clause—places where children congregate—modifies the clause that provides the illustrative list. So if the illustrative list clause is not where children congregate, the condition is not violated.

6

Ordinary people know that children congregate in schools, excluding colleges and universities. Ordinary people also know that children congregate in playgrounds and local parks, as opposed to state or national parks, places that require motor transportation.

> b. *Definite enough to protect against arbitrary enforcement*

The condition contains two terms which help to protect against arbitrary enforcement. The first term is "children." The second term is "congregate."

The term "children" is somewhat indefinite. We define the term in the manner in which sentencing courts typically impose the challenged condition. Sentencing courts typically impose the challenged condition against offenders who commit a sex crime against a child. The various degrees of child rape and child molestation criminalize sexual acts against children under 16. *See* RCW 9A.44.073-.089. We further note that the legislature distinguished the term "child" from "minor" in these statutes, and used the term "minor" to describe those who were at least 16 and under 18. *Cf. id.* and RCW 9A.44.093-.096. For these reasons, we construe "children" as meaning "children under 16." Because the term "children" is somewhat indefinite, and because remand is necessary to strike two of the challenged community custody conditions, we direct the trial court on remand to interlineate "under 16" after the word "children."

7

The term "congregate" is more precise. "Congregate" means "to collect together into a group, crowd, or assembly." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 478 (1993).

The terms "children under 16" and "congregate" are sufficiently definite to protect against arbitrary enforcement. In general, children under 16 do not collect into a group or crowd in places they cannot reach by foot or bicycle. Exceptions include schools and day cares, places where ordinary people know children congregate. Also, children under 16 do not congregate in malls, areas where adults worship, or grocery stores. These places are not reached by foot or bicycle, and they are not places where children under 16 are known to collect into a group or crowd.

We conclude that the trial court's example list, modified as directed, provides sufficient clarity to comply with constitutional notice so that ordinary persons can understand what is proscribed. We also conclude that the terms "children under 16" and "congregate" provide sufficient definiteness to prevent arbitrary enforcement.

*2. The condition does not affect Velazquez's ability to worship*

Velazquez argues the challenged condition should be stricken because it affects his First Amendment to the United States Constitution right to worship and because the

8

condition is not narrowly tailored. As explained above, the challenged condition does not affect Velazquez from attending adult worship services.

## CONCLUSION

We remand for the trial court to modify the second condition and to strike the first and the third conditions.

Affirmed in part and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Fearing, C.J.

Siddoway, J.

9