IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35613-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JULIAN JESUS GARCIA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Julian Jesus Garcia appeals from two conditions of his judgment and sentence. We agree with one of his arguments and reverse the requirement that he obtain a chemical dependency assessment. We otherwise affirm.

FACTS

Mr. Garcia entered guilty pleas to one count of third degree assault and one count of fourth degree assault in accord with the procedures set forth in *Alford v. North Carolina*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). Both offenses were denominated as domestic violence crimes.

The court selected the first offender waiver of presumptive sentence and imposed a term of 37 days in jail, with credit for 37 days served to that point. The court also imposed a 12 month term of community supervision that included two conditions that are at issue here. First, the court directed that Mr. Garcia "not associate with any individuals who are on probation or parole." Clerk's Papers at 29. The defense did not object to this provision.

Second, the court directed that Mr. Garcia be assessed for chemical dependency and comply with all recommendations. Mr. Garcia personally objected to this requirement, telling the court that drugs had no role in the case at all and noting that the police report said the same thing. The prosecutor responded by advising the court that another case against Mr. Garcia involving methamphetamine had recently been dismissed. The trial court did not address this dispute when it selected the assessment condition.

Mr. Garcia appealed to this court. A panel considered the case without hearing argument.

### ANALYSIS

This appeal presents challenges to the two noted sentence conditions. We will consider the challenges together.

We turn initially to the governing statutes. In addition to legislatively specified conditions, the court has authority to impose conditions of community supervision that are related to the crimes for which the defendant was convicted. *State v. Riley*, 121

Wn.2d 22, 36-37, 846 P.2d 1365 (1993). Appellate courts will review crime-related

prohibitions for abuse of the trial court's discretion. *Id*. at 37. Discretion is abused if it is

exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*,

79 Wn.2d 12, 26, 482 P.2d 775 (1971). However, any condition that is beyond the trial

court's authority to impose also constitutes an abuse of discretion. *State v. Sanchez*

*Valencia*, 169 Wn.2d 782, 791-792, 239 P.3d 1059 (2010).

Primarily at issue is RCW 9.94A.703(3). It provides:

> **Discretionary conditions.** As part of any term of community custody, the
> court may order an offender to:
> (a) Remain within, or outside of, a specified geographical boundary;
> (b) Refrain from direct or indirect contact with the victim of the
> crime or a specified class of individuals;
> (c) Participate in crime-related treatment or counseling services;
> (d) Participate in rehabilitative programs or otherwise perform
> affirmative conduct reasonably related to the circumstances of the offense,
> the offender's risk of reoffending, or the safety of the community;
> (e) Refrain from possessing or consuming alcohol; or
> (f) Comply with any crime-related prohibitions.

This statute was made relevant to Mr. Garcia's sentence by the use of the first offender

sentencing alternative, RCW 9.94A.650. In addition to imposing some sentence

conditions of its own, the first offender alternative incorporates the discretionary

conditions of RCW 9.94A.703. *See* RCW 9.94A.650(4).

The scope of these discretionary conditions was at issue in the case on which Mr.

Garcia places primary reliance, *State v. Riles*, 135 Wn.2d 326, 957 P.2d 655 (1998).

*Riles* was a consolidation of the appeals of Mr. Riles and Mr. Gholston; Riles had been

convicted of raping a young child, while Mr. Gholston was convicted of raping a young adult. *Id*. at 332-338. In both cases, the offenders were prohibited from having contact with children. Known at that point as "special conditions," the discretionary conditions were found in former RCW 9.94A.120(9)(c) (1996). *See Riles*, 135 Wn.2d at 335 (quoting statute).[1] Five of the six special conditions in existence then are found, verbatim, in current RCW 9.94A.703(3).[2]

The *Riles* court had no difficulty in upholding the condition that Mr. Riles not congregate where children regularly gathered. The restriction on Mr. Gholston did not fare as well. Looking at the special conditions of former §120(9)(c), the court commented that while the language of those conditions did not expressly require that they be crime-related, only the "no alcohol" provision was not crime-related. 135 Wn.2d at 349-350. Thus, the provision limiting contact with specific classes of individuals "seems in context to require some relationship to the crime." *Id*. at 350. The court determined that it was "not reasonable" "to order even a sex offender not to have contact with a class of individuals who share no relationship to the offender's crime." *Id*.

---

[1] The conditions existing at the time of *Riles* were repealed and reenacted in a new statute, RCW 9.94A.700(5), by Laws of 2000, ch. 28, § 22. Subsequently, those conditions were repealed in 2008 and reenacted in their current form in another new statute, RCW 9.94A.703, by Laws of 2008, ch. 231, § 9. At that time, current condition (3)(d) was enacted for the first time and former condition (3)(vi), addressing sex offenders, was removed.

[2] Current conditions (a), (b), (c), (e), and (f) were found in subsections (i), (ii), (iii), (iv), and (v) of former RCW 9.94A.120(9)(c).

Based on this ruling, Mr. Garcia argues that both the no contact and treatment conditions are invalid because they are not crime-related prohibitions. In contrast, the State contends that the no contact condition need not be crime-related under the plain language of the statute. Although appellant's briefing demonstrates that our case law is inconsistent[3] on that point, *Riles* clearly applied the crime-related prohibition limitation to the no contact "special condition," a provision that lives on in RCW 9.94A.703(3)(b). In light of that treatment by *Riles*, the State's argument is untenable.[4]

*Riles* specifies why the no contact provision must be crime-related. Critically, the *Riles* court expressed its reasoning after reaching the conclusion that it was unreasonable

---

[3] For several reasons, our inconsistency is understandable. First, the *Riles* observation that only the ban on alcohol use is not crime related is incorrect—the geographic limitations that can be imposed on an offender are for the purpose of allowing supervision of the offender and are not crime-related. *See* DAVID BOERNER, SENTENCING IN WASHINGTON: COMMUNITY SUPERVISION § 4.4, at 4-4 (1985). Second, the addition in 2008 of RCW 9.94A.703(d) authorized courts to require rehabilitative treatment when necessitated by the circumstances of the offense, the need to prevent re-offense, or the safety of the community. The latter two grounds are not limited to crime-related conditions. Finally, the statute is not a model of drafting clarity. In light of current subsection (f) [former subsection (v)] expressly authorizing the imposition of crime-related prohibitions, it is redundant to specify other conditions that also must be crime-related. It would have been simpler and clearer just to have used subsection (f) in conjunction with any non-crime-related conditions the legislature desired to authorize instead of setting forth specific additional crime-related prohibitions.

[4] Likely due to RCW 9.94A.650(4), the State does not argue that the first offender waiver itself independently authorizes these challenged conditions. We therefore express no opinion on this point, but simply note that the original understanding of the first offender waiver was to allow probationary conditions for certain offenders who are undergoing treatment. *See* BOERNER, *supra*, § 4.5, at 4-6.

to prohibit Mr. Gholston from associating with children. Noting that any restriction on the freedom of association must be "necessary to accomplish the essential needs of the state and the public order," the court concluded that there was no showing that children needed protection from Mr. Gholston. 135 Wn.2d at 350. Because the order was not essential in Mr. Gholston's case, it was not justified, although a similar order in Mr. Riles's case did not constitute an infringement of his constitutional rights. *Id.* We believe that *Riles* placed a limiting construction on the no contact provision in order to avoid any potential infringement of Mr. Gholston's First Amendment rights.

With this understanding of *Riles* in mind, we finally return to Mr. Garcia's case. He contends that the prohibition on association with anyone on "probation or parole"[5] is not a crime-related condition and is therefore invalid despite his failure to challenge the condition in the trial court. The short answer is that we previously rejected this argument in another case where an offender also was sentenced under the first offender waiver. *State v. Acevedo*, 159 Wn. App. 221, 233, 248 P.3d 526 (2010). Mr. Garcia has not provided us any reason to overrule *Acevedo*. This prohibition is a time-tested standard

---

[5] This archaic language arguably does not extend to those on community supervision pursuant to modern felony convictions. Washington abolished probationary sentences for felony cases in 1984. *See* RCW 9.94A.575. Those sentences were imposed according to the authorization of RCW 9.92.060, et seq., and RCW 9.95.200 et seq. Presumably, only those sentenced on felony convictions entered in other states or in Washington before 1984, or those who have received probationary sentences for misdemeanor offenses in this state, might be subject to "probation or parole" at this time. The addition of the words "community supervision" would clarify the trial court's intent.

that is recommended for use in the federal courts and long has been considered constitutional. *E.g.*, *United States v. King*, 608 F.3d 1122, 1128-1129 (9th Cir. 2010); *United States v. Napulou*, 593 F.3d 1041 (9th Cir. 2010).

We believe that the trial court can choose to impose this crime-related condition. For a first time offender like Mr. Garcia, a limit on association with other recent offenders currently on probation or parole would serve to improve his chances of avoiding a rapid return to criminal behavior. For all offenders, we also believe this limitation on association would serve to improve the offender's odds of not re-offending, furthering one of the goals of RCW 9.94A.703(3)(d). Accordingly, the trial court did not err in determining that Mr. Garcia should limit his association with those on probation or parole.[6]

Mr. Garcia also argues that the requirement that he undergo an assessment and possible substance abuse treatment is not crime-related because this offense was not the product of substance abuse. For a slightly different reason, we agree that the provision should be stricken.

---

[6] If the limitation would have genuinely impacted Mr. Garcia's right of association, we presume he would have alerted the trial court to the specific problem so that a more nuanced provision could be ordered. For instance, an offender whose spouse was on probation or had a felony record would have a strong argument that the spouse should be exempted from the prohibition.

7

At sentencing, a "trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing." RCW 9.94A.530(2). This "real facts doctrine" has existed from the beginning of the Sentencing Reform Act of 1981. *See* former RCW 9.94A.370 (1984).

Here, the State did not prove that Mr. Garcia was involved with any controlled substances during this offense or at an earlier time. He expressly disputed that drugs were involved in the assault case and pointed to the police reports as supporting evidence. In contrast, all the prosecutor could point to was the fact that a previous methamphetamine case had been *dismissed*.

The parties were free to enter a plea agreement that included an assessment and/or drug treatment as a condition of the first offender sentence. They did not. Instead, the defendant disputed the existence of a drug problem and the State provided no evidence to the contrary. On this record, no facts about the offense or about Mr. Garcia supported the need for any assessment. There was no basis for finding that one was appropriate under either RCW 9.94A.703(3)(c) or (d).

There being no evidence in the record to support the condition, it must be stricken. Accordingly, we affirm the no contact provision and remand to strike the assessment condition.

No. 35613-2-III
*State v. Garcia*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Siddoway, J.

9