FILED
COURT OF APPEALS
DIVISION II

2014 OCT 21 AM 9: 15

STATE OF WASHINGTON
BY_____
        DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44853-0-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| PETE EVERT ESSEX, | |
| Appellant. | |

BJORGEN, A.C.J. — Pete Evert Essex appeals a special community custody condition imposed in his judgment and sentence, claiming it is unconstitutionally vague. The State concedes error. We accept this concession and remand this matter so that the trial court may strike the condition 6 at issue.

## FACTS

A jury found Essex guilty of misdemeanor domestic violence fourth-degree assault. Essex had been drinking before committing this crime. At sentencing, the trial court imposed several community custody conditions, including Special Condition 6, which stated that "[d]efendant shall not possess or use *any paraphernalia* that can be used for the ingestion or

processing of controlled substances." Clerk's Papers at 13 (emphasis added). Essex appeals the imposition of this condition.

## ANALYSIS

Essex challenges Special Condition 6 of his judgment and sentence as unconstitutionally vague, citing *State v. Valencia*, 169 Wn.2d 782, 239 P.3d 1059 (2010). He argues that the paraphernalia condition is unconstitutionally vague because its broad wording invites arbitrary enforcement.

The State correctly concedes this error because the language of the prohibition at issue in *Valencia* and that of Special Condition 6 is substantially the same. In *Valencia*, the Washington Supreme Court held the following condition of sentence unconstitutionally vague:

> Defendant shall not possess or use *any paraphernalia* that can be used for the ingestion or processing of controlled substances or that can be used to facilitate the sale or transfer of controlled substances including scales, pagers, police scanners, and hand held electronic scheduling and data storage devices.

169 Wn.2d at 785 (emphasis added). The Supreme Court reasoned that, "[b]ecause the condition might potentially encompass a wide range of everyday items, it 'does not provide ascertainable standards of guilt to protect against arbitrary enforcement.'" *Valencia*, 169 Wn.2d at 794 (quoting *State v. Bahl*, 164 Wn.2d 739, 753, 193 P.3d 678 (2008)). We agree that, given its similarity to the condition in *Valencia*, Special Condition 6 is similarly open to arbitrary enforcement and therefore constitutionally infirm.

2

No. 44853-0-II

## CONCLUSION

We accept the State's concession and remand to the trial court to strike Special Condition 6 in the judgment and sentence as unconstitutionally vague.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, A.C.J.

We concur:

Hunt, J.

Lee, J.

3