FILED
OCTOBER 20, 2015
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31700-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COLE LEE HEALY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Cole Healy challenges two requirements of his judgment and sentence, arguing that the trial court should revisit his legal financial obligations (LFOs) and should not have imposed a "no obstructing behavior" condition as part of his community supervision. We agree with his latter claim and strike that language from the judgment, but otherwise affirm.

## FACTS

A jury convicted Mr. Healy of one count of third degree assault that occurred in the Pend Orielle County Jail. That incident occurred when he fought with a corrections officer who was attempting to stop Mr. Healy from attacking another inmate.

At sentencing, the court stressed the need for Mr. Healy to avoid becoming involved with police officers:

> And Mr. Healy, I've just added "no obstructing behavior." That's kind of redundant, actually, but the idea would be to discourage any further behavior problems with law enforcement.

Report of Proceedings at 101. The noted phrase was added to the community custody provisions of the judgment and sentence. There the court hand wrote under the "comply with the following crime-related prohibitions" box of the judgment:

> No criminal law violations; No assaultive behavior; No obstructing behavior.

Clerk's Papers at 80.

The court also imposed $1,100 in total legal financial obligations. There were $800 in mandatory assessments (victim assessment, filing fee, DNA[1] collection fee) and $300 in discretionary costs (booking fee, public defender recoupment). Mr. Healy was directed to begin payment at $25 per month upon release from custody.

Mr. Healy timely appealed his conviction to this court.

## ANALYSIS

Mr. Healy asks that this court strike the "no obstructing behavior" language and remand the LFOs for a new hearing concerning his ability to pay. We address the claims in the order stated.

---

[1] Deoxyribonucleic acid.

2

*Obstructing Behavior*

Mr. Healy argues that the "obstructing behavior" language is unconstitutionally vague. Although its meaning was clear in context, we agree that the written formulation in the judgment and sentence does not provide sufficient direction to prevent improper enforcement and strike the provision.

A sentencing condition must be sufficiently clear to allow the offender to comply with the condition and prevent arbitrary enforcement. *State v. Sanchez Valencia*, 169 Wn.2d 782, 791, 239 P.3d 1059 (2010); *State v. Bahl*, 164 Wn.2d 739, 752-753, 193 P.3d 678 (2008). The vagueness doctrine does not require "complete certainty" of expression, and the terms are considered in context. *Valencia*, 169 Wn.2d at 793. When a term is undefined, courts can turn to a dictionary to provide the plain and ordinary meaning of the language in question. *Bahl*, 164 Wn.2d at 754.

The imposition of a sentencing condition is reviewed for abuse of discretion. *Valencia*, 169 Wn.2d at 793. Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Discretion also is abused when exercised contrary to law. *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995).

In the context of the sentencing hearing, the court explained that Mr. Healy needed to stop confronting law enforcement officers. The court noted that the "obstructing behavior" language was redundant since it was part of a condition to "obey all laws" and

3

commit "no criminal violations." It appears the court merely was reinforcing the notion that obstructing a law enforcement officer was a crime and that Mr. Healy needed to avoid confrontation with authority. However, the written language of the condition does not contain those limitations. The terms "obstructing" or "obstruction" have a rather broad common meaning. The standard dictionary definition is "a condition of being clogged or blocked." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1559 (1993). As written, neither Mr. Healy nor a law enforcement officer would know what the court intended.

Accordingly, we believe that the "no obstructing behavior" language is vague. We direct the trial court to strike the condition from the judgment and sentence.

*Legal Financial Obligations*

Mr. Healy also asks that we remand the case for the court to more fully consider the question of his LFOs. He did not object to the court's finding below. We decline to review the claim.

This court reviews the trial court's determination concerning a defendant's resources and ability to pay under the clearly erroneous standard. *State v. Bertrand*, 165 Wn. App. 393, 403-404, 267 P.3d 511 (2011). A decision on whether to impose fees is reviewed for abuse of discretion. *State v. Baldwin*, 63 Wn. App. 303, 312, 818 P.2d 1116 (1991). RCW 10.01.160(3) provides that, "the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will

impose." This inquiry is only required for *discretionary* LFOs. *State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013) (mandatory fees, which include victim restitution, victim assessments, DNA fees, and criminal filing fees, operate according to the current sentencing scheme and without the court's discretion by legislative design). Trial courts are not required to enter formal, specific findings. *Id.* at 105.

If the defendant does not address the LFO issue in the trial court, appellate courts are not required to consider the claim on appeal because it arises from a statute rather than the constitution. RAP 2.5(a); *State v. Blazina*, 182 Wn.2d 827, 832-834, 344 P.3d 680 (2015). Appellate courts do retain discretion to decide if they will hear an LFO claim for the first time on appeal. *Blazina*, 182 Wn.2d at 834-835.

Here, we decline to consider the claim. Only $300 of the total financial obligations was discretionary (public defender, booking fee) with the trial judge, while the remaining $800 fell in the mandatory category. *Lundy*, 176 Wn. App. at 102. This small amount does not raise the questions presented by the larger sum at issue in *Blazina*. Moreover, Mr. Healy remains free to seek remittance at any time should he desire to raise the question of his financial situation before the court. RCW 10.01.160(4).

The conviction is affirmed, but the matter is remanded for the trial court to strike the "obstructing behavior" language from the judgment and sentence.

No. 31700-5-III
*State v. Healy*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.