# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45502-1-II |
| Respondent, | |
| v. | |
| JAMES NATHANIEL PARKER, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — James Parker appealed the trial court's finding that he violated a condition of his Special Sex Offender Sentencing Alternative (SSOSA).[1] In a previous opinion, we held that Parker's due process rights were violated because the notices of violation he received provided inadequate notice that he allegedly violated the condition requiring compliance with all laws, which was the condition that the trial court found he violated. *State v. Parker*, noted at 185 Wn. App. 1060, 2015 WL 728301, *remanded*, 183 Wn.2d 1017 (2015). Because we reversed the trial court's finding of a violation, we declined to address Parker's arguments that the community custody conditions prohibiting him from consuming drugs without a prescription and requiring his compliance with all laws are unconstitutionally vague.

Parker filed a petition for review in the Supreme Court regarding his arguments that the community custody conditions are unconstitutionally vague. The Supreme Court granted review and remanded for this court to consider Parker's challenge to the community custody conditions.

---

[1] RCW 9.94A.670.

We now hold that (1) the condition prohibiting Parker from purchasing, possessing, or consuming drugs without a valid prescription is unconstitutionally vague because use of the term "drugs" does not define the offense with sufficient definiteness so that ordinary people can understand the scope of prohibited conduct and creates the potential for arbitrary enforcement, and (2) the condition requiring Parker to obey all laws is not vague even though state and federal law differ in the area of marijuana use because the prohibited conduct is definite and there is no room for arbitrary enforcement. Accordingly, we remand to the trial court to strike the community custody condition prohibiting drug use.

## FACTS

After Parker pled guilty to second degree rape of a child, the trial court granted his request for a SSOSA and sentenced him to 125 months' community custody under the supervision of the Department of Corrections (DOC). The trial court ordered Parker to comply with any conditions set by DOC. CP at 1-10, 120-23, 153-158. DOC imposed several conditions, including that (1) Parker must not "purchase, possess, or consume drugs without a valid prescription from a licensed medical professional," and (2) Parker must "[o]bey all municipal, county, state, tribal, and federal laws." Clerk's Papers (CP) at 121, 120.

DOC filed several notices of violation alleging that Parker violated his community custody conditions by consuming marijuana. The trial court found that Parker had violated the condition of his sentence requiring him to obey all laws by violating federal law prohibiting marijuana use. The trial court declined to determine whether Parker also violated the condition

of his sentence prohibiting drug consumption. The trial court sanctioned Parker with 30 days in custody.

Parker challenges the constitutionality of these two community custody conditions.

ANALYSIS

A.     LEGAL PRINCIPLES

A statute is unconstitutionally vague if it (1) fails to define the offense with sufficient definiteness so that ordinary people can understand the scope of prohibited conduct, or (2) fails to provide "ascertainable standards of guilt" to protect against arbitrary enforcement. *State v. Bahl*, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008). Similarly, a condition that allows the community corrections officer discretion to determine if the supervised person violated his community custody conditions is unconstitutionally vague. *State v. Sanchez Valencia*, 169 Wn.2d 782, 795, 239 P.3d 1059 (2010).

Imposing community custody conditions generally is within the trial court's discretion, and a condition will be reversed only if it is manifestly unreasonable. *Bahl*, 164 Wn.2d at 753. However, the imposition of an unconstitutionally vague condition is manifestly unreasonable. *Sanchez Valencia*, 169 Wn.2d at 793. The remedy for an unconstitutionally vague sentencing condition generally is to strike the condition. *Id.* at 795.

B.    CONDITION PROHIBITING DRUG CONSUMPTION

Parker argues that the DOC condition prohibiting him from consuming drugs without a prescription is unconstitutionally vague because the term "drugs" is vague. We agree.

First, the condition is vague because it does not define the criminal offense with sufficient definiteness so that ordinary people can understand the scope of prohibited conduct. *See Bahl*, 164 Wn.2d at 752-53. The DOC conditions, requirements, and instructions document does not define the word "drugs." As a result, the scope of the condition is unclear. The condition could be interpreted as limited to controlled substances, but also could be interpreted as encompassing over-the-counter medications or even herbal remedies.

The State argues that the condition is not vague because it makes it clear that drugs not requiring a prescription, such as aspirin and other over-the-counter medications, are not included in this condition. However, the condition does not state that it applies only to drugs that require a prescription. Instead, the condition states that the supervised person can only use drugs with a valid prescription.

In *Sanchez Valencia*, the Supreme Court determined that a sentencing condition prohibiting the defendant from possessing or using any paraphernalia that can be used for the ingestion or processing of controlled substances was unconstitutionally vague. 169 Wn.2d at 794-95. The court held that the paraphernalia condition was vague because it broadly prohibited possession or use of "any paraphernalia" instead of limiting the prohibition to "drug paraphernalia." *Id.* at 794. Similarly, the DOC condition prohibiting Parker from using drugs

without a prescription is not sufficiently definite because an ordinary person could understand it to cover the broad category of any drug instead of being limited to drugs requiring a prescription.

Second, the condition is vague because it does not provide ascertainable standards of guilt to protect against arbitrary enforcement. *Bahl*, 164 Wn.2d at 753. As discussed above, the condition prohibiting drug use covers an overly broad category of substances. The court in *Sanchez Valencia* determined the paraphernalia condition allowed arbitrary enforcement because an "inventive probation officer could envision any common place items as possible for use as drug paraphernalia." 169 Wn.2d at 794. Similarly, an inventive probation officer here could interpret the condition to prohibit the possession and use of all drugs, including over-the-counter drugs and herbal medications, if the supervised person does not have a prescription for it. Another officer could interpret the condition to prohibit only the possession and use of controlled substances without a prescription. Because the condition prohibiting drug consumption leaves so much to the discretion of individual community corrections officers, the condition meets the second requirement of the vagueness analysis and is unconstitutionally vague. *See id.* at 795.

We hold that the DOC condition prohibiting Parker from purchasing, possessing, or consuming "drugs" without a valid prescription is unconstitutionally vague because it does not define the offense with sufficient definiteness so that an ordinary person would understand the scope of prohibited conduct and allows for arbitrary enforcement. Accordingly, we remand and direct the trial court to order DOC to strike this condition.

C.     CONDITION REQUIRING COMPLIANCE WITH ALL LAWS

Parker argues that the DOC condition requiring him to obey all municipal, county, state, tribal, and federal laws is unconstitutionally vague as applied in this case because state and federal law differ in the area of marijuana use.  Specifically, he contends that the condition is vague because the text of the condition does not make it clear whether it prohibits violations of federal laws that the federal government does not intend to enforce.  We disagree.

The DOC "obey all laws" condition is unambiguous and requires Parker to comply with all federal laws instead of requiring compliance only with the laws the federal government intends to enforce in a particular jurisdiction.  Accordingly, the condition does not meet either of the two alternative requirements for unconstitutional vagueness because the prohibited conduct is sufficiently definite for the ordinary person to understand what is prohibited and it provides ascertainable standards of guilt to protect against arbitrary enforcement.  *Bahl*, 164 Wn.2d at 752-53.

First, the condition is sufficiently definite for the ordinary person to understand what is prohibited because federal law unambiguously prohibits the possession and consumption of marijuana.  21 U.S.C. § 844(a).  While the private use of marijuana by persons over the age of 21 has been decriminalized in Washington, it remains illegal under federal law.  *See Gonzales v. Raich*, 545 U.S. 1, 29, 125 S. Ct. 2195, 162 L. Ed. 2d 1 (2005).  And the federal Uniform Controlled Substances Act can be enforced against persons within any state, including states that have decriminalized marijuana such as Washington.  *Id.*

The fact that the federal government may choose not to enforce this law does not make the condition ambiguous. The condition makes no reference to enforcement. It requires Parker to comply with *all* federal laws, not only those laws the federal government intends to enforce in a particular jurisdiction.

Second, the condition provides ascertainable standards of guilt. The condition does not allow for arbitrary enforcement because it does not allow a community corrections officer any discretion in determining whether a violation of an unenforced federal law constitutes a violation of the sentencing condition. When a supervised person violates federal law, he violates the condition regardless of whether or not that federal law is enforced. The condition leaves no room for community corrections officers to interpret the condition in different ways – conduct that violates federal law violates the condition. Therefore, the condition does not allow for arbitrary enforcement.

We hold that the condition to obey all laws is not unconstitutionally vague because the prohibited conduct is sufficiently definite for the ordinary person to understand that marijuana possession and use is illegal under federal law and the condition provides ascertainable standards of guilt to protect against arbitrary enforcement.

We remand and direct the trial court to order DOC to strike the condition prohibiting Parker from purchasing, possessing, or consuming drugs without a valid prescription.

45502-1-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, J.

We concur:

JOHANSON, C.J.

LEE, J.

8