IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34593-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROBERTO REYES ARROYO, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Roberto Reyes Arroyo appeals five community custody

conditions arising out of his conviction by plea to second degree murder and second

degree assault. We accept the State's concessions as to two of the challenged conditions

and order that the other three challenged conditions be slightly modified.

## FACTS

Arroyo pleaded guilty to second degree murder and second degree assault. As part

of his plea agreement, he agreed to the factual basis of police reports and the affidavit of

probable cause, which lay out the following brief background.

Juan Martinez and Andres Solis were drinking at a tavern in Walla Walla,

Washington. Arroyo and his friends also were drinking at the tavern. Arroyo's group

was watching Solis and Martinez throughout the night. When the latter two left, Arroyo's group followed them.

As Solis and Martinez were walking toward their car in the parking lot, Solis heard someone call him a rat in Spanish. Solis turned and recognized Arroyo and his group as members of the 18th Street gang. Solis was at one point a member of the gang and had testified against another member of the 18th Street gang in a gang-related homicide trial a few years earlier.

Arroyo's group instigated a fight with Solis and Martinez. During the fight, Arroyo fired several shots from a gun, injuring Solis and killing Martinez. Video recordings from both inside and outside the tavern led to the arrest of Arroyo and his group.

The State charged Arroyo with first degree murder for the death of Martinez, and first degree assault and intimidating a witness for the assault of Solis. The State filed a notice of intent to rely on gang-related evidence. The State's theory was that Arroyo specifically targeted Solis because Solis had previously testified against a gang member in the earlier gang-related homicide trial. Arroyo agreed to plead guilty to second degree murder and second degree assault.

At sentencing, the Department of Corrections (DOC) provided the sentencing

court with a presentence investigation and a proposed appendix of community custody

conditions, designated as appendix F. The State also presented the sentencing court with

a proposed appendix of community conditions, designated as appendix 4.3. Arroyo

objected to appendix F as being inconsistent with appendix 4.3, as well as possibly

impermissible under the recently decided case of *State v. Weatherwax*, 193 Wn. App. 667,

376 P.3d 1150 (2016), *rev'd*, 188 Wn.2d 139, 392 P.3d 1054 (2017). The State withdrew

the DOC's appendix F. The court then signed the judgment and sentence that contains

the proposed conditions outlined in appendix 4.3.

Arroyo appealed.

## ANALYSIS

COMMUNITY CUSTODY CONDITIONS

*Standard of review*

Arroyo raises constitutional challenges to five of his community custody

conditions. This court reviews community custody conditions for an abuse of discretion.

*State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015). The abuse of discretion

standard applies whether this court is reviewing a crime-related community custody

condition or reviewing a community custody condition for vagueness. *See id.* at 652,

3

656; *State v. Sanchez Valencia*, 169 Wn.2d 782, 791-92, 239 P.3d 1059 (2010); *State v. Cordero*, 170 Wn. App. 351, 373, 284 P.3d 773 (2012). Imposing an unconstitutional condition is always an abuse of discretion. *Irwin*, 191 Wn. App. at 652. Defendants may generally challenge community custody conditions that are contrary to statutory authority for the first time on appeal. *State v. Bahl*, 164 Wn.2d 739, 744-45, 193 P.3d 678 (2008).

*Guiding principles with respect to community custody conditions*

The guarantee of due process contained in the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington Constitution requires that laws not be vague. *State v. Magana*, 197 Wn. App. 189, 200, 389 P.3d 654 (2016). Because a violation of a community custody condition subjects a person to arrest and incarceration, vagueness prohibitions extend to community custody conditions. *See Sanchez Valencia*, 169 Wn.2d at 791-92. A condition is not unconstitutionally vague so long as it provides ordinary people with fair warning of the proscribed conduct and has standards that are definite enough to protect against arbitrary enforcement. *Magana*, 197 Wn. App. at 200-01.

A defendant's constitutional rights during community placement are subject to the infringements authorized by the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. *State v. Riles*, 135 Wn.2d 326, 347, 957 P.2d 655 (1998). The SRA directs a court

to impose certain mandatory conditions, authorizes a court to waive certain conditions, and authorizes a court to impose certain discretionary and special conditions. RCW 9.94A.703. One of the authorized discretionary conditions is to comply with crime-related prohibitions or affirmative conditions. RCW 9.94A.505(9); RCW 9.94A.703(3)(f).

1.    Condition 2

Condition 2 mandates that Arroyo "comply with all directions of [his] community corrections or probation officer." Clerk's Papers (CP) at 35. Arroyo contends this condition is vague and subject to arbitrary enforcement because it "does not place any limits on the ability" of his community corrections officer (CCO) to designate additional obligations. *Magana*, 197 Wn. App. at 201.

The State argues that this condition is akin to *State v. McWilliams*, 177 Wn. App. 139, 311 P.3d 584 (2013). There, the trial court ordered McWilliams to comply with "'Conditions per DOC; CCO.'" *Id.* at 152. On appeal, McWilliams argued that the condition was an improper delegation of authority. *Id.* at 153. Relying on RCW 9.94A.704(2)(a), the *McWilliams* court affirmed the condition and held that the DOC has authority to "'establish and modify additional conditions of community custody based upon the risk to the community safety.'" *Id.* at 154.

5

We note that DOC's authority is actually broader than that noted in *McWilliams*. RCW 9.94A.703(1)(b) explicitly requires "the offender to comply with any conditions imposed by the department under RCW 9.94A.704," not just RCW 9.94A.704(2)(a). Nevertheless, because the legislature did not grant DOC unbounded authority, we remand for the trial court to interlineate "authorized by RCW 9.94A.704" at the end of condition 2.

  2. Condition 9

Condition 9 reads in its entirety:

> Your associates are to be approved by your community corrections or probation officer. You are not to associate with anyone whom you have met while in the institution. You are not to associate with any member of the Westside 18th Street gang or any other gang affiliated with the Westside 18th Street gang as directed by your community corrections or probation officer.

CP at 36.

Arroyo argues that the first sentence is vague in that it grants unfettered discretion to his CCO. Also, citing to *Weatherwax*, 193 Wn. App. at 677, he argues the condition sweeps too broadly because it is not limited to gang members or to other specifically described persons having a direct relation to the circumstances of the crime. The State counters that *Weatherwax* left intact the condition that prohibited association with known felons.

6

In *Weatherwax*, we held that a condition that prohibited the defendant from having any association with associates of gang members was unconstitutionally vague. *Id.* at 680. We commented that the term "associates" would not be vague if the condition defined "associates" consistent with RCW 9.94A.030(13).[1] *Id.* at 681.

Condition 9 suffers from similar constitutional infirmities. Here, the first sentence of condition 9 does not tether the CCO to any standard for choosing Arroyo's prohibited associates. For this reason, this sentence risks the danger of arbitrary enforcement. Also, the second sentence could be construed as prohibiting Arroyo from associating with staff, counselors, and similar persons at the institution who are not inmates. Condition 9 must be clarified on remand to prohibit a crime-related class of associates and limit the CCO's discretion to prohibiting Arroyo from associating only with those prohibited persons.

### 3. Condition 10

Condition 10 states:

You are not to possess weapons of any description including but not limited to firearms, knives of any description, and martial arts weaponry. You are not to possess ammunition or weapon replicas. You are not to remain in any vehicle wherein anyone possesses a weapon, ammunition, or weapon replica.

---

[1] "'Criminal street gang associate or member' means any person who actively participates in any criminal street gang and who intentionally promotes, furthers, or assists in any criminal act by the criminal street gang." RCW 9.94A.030(13).

CP at 36. Arroyo argues the condition is overbroad in that it bars him from using butter knives, plastic knives, or possessing a replica of any kind of weapon or any item that could conceivably be a weapon. He further argues the condition invites arbitrary enforcement because a CCO could determine whether household items, such as plastic knives, are weapons. He also contends the prohibition as it related to vehicles must be stricken because it permits him to be punished for being in a car with a person possessing a weapon when he has no knowledge of the presence of the weapon.

The State concedes the prohibition of knives of any kind is excessive and should be modified to reference statutory standards that define dangerous weapons. We accept the State's concession. The State further concedes that lack of knowledge would be a defense to any asserted violation of the last sentence of condition 10. Because we are remanding, we further instruct the trial court to modify the last sentence of condition 10 to add "if you know" and strike "wherein" before "anyone possesses a weapon."

4.    Condition 13

Condition 13 reads, "You are not to appear at any court proceeding unless you are a party, defendant in a criminal action, or subpoenaed as a witness." CP at 36. Arroyo contends this prohibition violates his basic right as a citizen to attend open court proceedings, a right protected by article I, section 10 of the Washington Constitution.

8

The State counters that constitutional rights are subject to infringement by the SRA. *Riles*, 135 Wn.2d at 347.

A convicted defendant's constitutional rights may be restricted if "imposed sensitively" and "reasonably necessary to accomplish the essential needs of the state and public order." *State v. Hearn*, 131 Wn. App. 601, 607, 128 P.3d 139 (2006) (citing *State v. Riley*, 121 Wn.2d 22, 37-38, 846 P.2d 1365 (1993)). "[D]iscouraging further criminal conduct is a goal of community placement." *Hearn*, 131 Wn. App. at 608.

We agree with the State that constitutional rights are subject to infringement by the SRA. But because such infringement must be reasonably necessary to accomplish the needs of the state and public order, condition 13 must be tailored so that any infringement does not go beyond a legitimate crime-related purpose.

Arroyo shot Martinez and Solis in retaliation for Solis betraying the 18th Street gang by testifying against another gang member. The State charged Arroyo with intimidation of a witness in connection with the murder and assault, although he ultimately pleaded guilty to other charges. Protecting trial participants from retaliation by Arroyo is crime related. A community custody condition tailored to protect such persons would be a legitimate crime-related purpose. We direct the trial court to interlineate

9

No. 34593-9-III
*State v. Arroyo*

"involving a street gang associate or member" after the word "proceeding" in condition 13.

        5.     Condition 14

Condition 14 reads, "You are not to possess graffiti in any form." CP at 36. Arroyo argues this condition is both vague and overbroad. The State concedes this condition should be stricken in its entirety because other unchallenged conditions meet the same goals. We accept the State's concession.

Remand for modification of community custody conditions.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Fearing, C.J.

Korsmo, J.

10