# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51558-0-II |
| Respondent, | |
| v. | |
| SHAWN DEE MORGAN, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Shawn Morgan appeals various sentencing conditions imposed following his guilty plea to eight counts of first degree unlawful possession of depictions of a minor engaged in sexually explicit conduct. He argues that the five conditions should be struck because they are not crime related, and that two conditions should be struck because they are unconstitutionally vague. The State and Morgan both argue that certain legal financial obligations (LFOs) are no longer authorized. We affirm some conditions, but remand to the trial court to modify community custody conditions relating to entering drug areas, bar, taverns, or lounges and requiring Morgan to obtain an alcohol evaluation, and to strike certain LFOs consistent with this opinion.

## FACTS

Law enforcement officers discovered child pornography on Morgan's computer and in Morgan's residence. The State initially charged Morgan with 47 counts of first degree unlawful possession of depictions of a minor engaged in sexually explicit conduct.[1] As part of a plea deal,

---

[1] RCW 9.68A.070(1).

the State amended the information to charge Morgan with eight counts of first degree unlawful possession of depictions of a minor engaged in sexually explicit conduct, which he pleaded guilty to.

In the presentence investigation, Morgan reported that he first drank alcohol in elementary school, but that it had "never caused a problem for him." Clerk's Papers (CP) at 156. He also reported that methamphetamines had been "the most problematic controlled substance for him." CP at 156. The presentence investigation report listed Morgan's drug dependency as a risk for reoffending.

The court imposed a term of confinement of 102 months, and community custody. The court imposed various community custody conditions. Relevant here, the court imposed the following conditions:

> **SPECIAL CONDITIONS – SEX OFFENSES     RCW 9.94A.703 & .704**
>
> . . . .
>
> 5.  Inform the supervising [community corrections officer] CCO and sexual deviancy treatment provider of any dating relationship.
>
> . . . .
>
> 11.  Do not use or consume alcohol and/or Marijuana.
>
> . . . .
> **Offenses Involving Alcohol/Controlled Substances -**
>
> 19.  [X] Do not purchase or possess alcohol.
>
> 20.  [X] Do not enter drug areas as defined by court or CCO.
>
> 21.  [X] Do not enter any bars/taverns/lounges or other places where alcohol is the primary source of business. This includes casinos and or any locations which requires you to be over 21 years of age.

22. [X] Obtain [X] alcohol [and] [X] chemical dependency evaluation upon referral and follow through with all recommendations of the evaluator.

CP at 112-13.

The court also imposed LFOs, including criminal filing fee, DNA[2] collection fee, and interest. Morgan appeals.

## ANALYSIS

Morgan argues that conditions 11, 19, 21, and 22 are not statutorily authorized and that conditions 5 and 20 are unconstitutional. We hold that (1) the conditions prohibiting Morgan's use of alcohol (condition 11) and purchase of alcohol (condition 19) are authorized, (2) the condition restricting Morgan's access to locations where alcohol is the primary source of business (condition 21) is not authorized, (3) the portion of the condition requiring Morgan to undergo alcohol dependency evaluation (condition 22) is not authorized, (4) the condition requiring Morgan to inform his CCO of any dating relationship (condition 5) is not unconstitutionally vague, and (5) the condition prohibiting Morgan from entering "drug areas as defined by court or CCO" (condition 20) is unconstitutionally vague. Consequently, we affirm conditions 11, 19, and 5, but remand to the trial court to strike or modify conditions 21, 22, and 20.

A. *Legal Principles*

The trial court can only impose community custody conditions authorized by statute. *State v. Kolesnik*, 146 Wn. App. 790, 806, 192 P.3d 937 (2008). Before determining a sentence, the court "shall consider the risk assessment report and presentence reports," and allow

---

[2] Deoxyribonucleic acid.

arguments from the State, defense counsel, the offender, victim(s), and law enforcement. RCW 9.94A.500(1).

We review de novo whether the trial court had statutory authority to impose a sentencing condition. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). If the trial court had statutory authority, we review the trial court's decision to impose the condition for an abuse of discretion. *Armendariz*, 160 Wn.2d at 110. An abuse of discretion occurs when a trial court's imposition of a condition is manifestly unreasonable. *State v. Hai Minh Nguyen*, 191 Wn.2d 671, 678, 425 P.3d 847 (2018). The imposition of an unconstitutional condition is manifestly unreasonable. *Hai Minh Nguyen*, 191 Wn.2d at 678.

Due process precludes the enforcement of vague laws, including sentencing conditions. *State v. Bahl*, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008); *State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015). A community custody condition is unconstitutionally vague if the condition does not define the prohibited conduct with sufficient definiteness that ordinary people can understand what conduct is proscribed or if the condition does not provide ascertainable standards of guilt to protect against arbitrary enforcement. *Bahl*, 164 Wn.2d at 752-53. If the condition fails either prong of the vagueness analysis, the condition is void for vagueness. *Bahl*, 164 Wn.2d at 753. A condition is not vague, however, merely because a person cannot predict with complete certainty the exact point at which his or her actions would be classified as prohibited conduct. *State v. Sanchez Valencia*, 169 Wn.2d 782, 793, 239 P.3d 1059 (2010). "[A]ll that is required is that the proscribed conduct is sufficiently definite in the eyes of an ordinary person." *Hai Minh Nguyen*, 191 Wn.2d at 681.

RCW 9.94A.703(3) authorizes a trial court to impose discretionary community custody conditions. The trial court may order an offender to

(a) Remain within, or outside of, a specified geographical boundary;
(b) Refrain from direct or indirect contact with the victim of the crime or a specified class of individuals;
(c) Participate in crime-related treatment or counseling services;
(d) Participate in rehabilitative programs or otherwise perform affirmative conduct reasonably related to the circumstances of the offense, the offender's risk of reoffending, or the safety of the community;
(e) Refrain from possessing or consuming alcohol;
(f) Comply with any crime-related prohibitions.

RCW 9.94A.703(3).

Crime-related prohibitions disallow conduct that directly or reasonably relates to the circumstances of the offense. *Hai Minh Nguyen*, 191 Wn.2d at 683-84; *Irwin*, 191 Wn. App. at 657. "The prohibited conduct need not be identical to the crime of conviction, but there must be 'some basis for the connection.'" *Hai Minh Nguyen*, 191 Wn.2d at 678 (quoting *Irwin*, 191 Wn. App. at 657).

1. *Conditions 11, 19—Prohibiting Use and Purchase of Alcohol*

Morgan argues that the trial court exceeded its authority by prohibiting him from using alcohol (condition 11) and purchasing alcohol (condition 19) because prohibitions on the "use" and "purchase" of alcohol are not authorized by statute.[3] Br. of Appellant at 8. We disagree.

A trial court has authority to prohibit the consumption and possession of alcohol as a community custody condition regardless of the underlying offense's nature. RCW 9.94A.703(3)(e).

---

[3] The condition also prohibits the use or consumption of marijuana, but Morgan does not offer argument related to marijuana.

Morgan acknowledges that the trial court had discretion to prohibit his possession or consumption of alcohol, but argues that the "use" and "purchase" are distinct from possession or consumption. Morgan has not explained how it is possible to use an item without also being in possession of the same. Moreover, it is difficult to purchase an item without also being in possession of that item. This is particularly true for alcohol, which is highly regulated in order to limit access by end users. The trial court's restrictions on using alcohol and purchasing alcohol were logically related to the restriction on possession and consumption. Accordingly, we hold that the trial court's decision to prohibit the use and purchase of alcohol is reasonable and was not a manifest abuse of discretion.

2. *Condition 21—Prohibiting Entry Into Establishments Where Alcohol is Primary Business*

Morgan argues that the trial court exceeded its authority by prohibiting him from entering establishments where alcohol is the primary source of business (condition 21). We agree.

Courts are authorized to impose crime-related prohibitions on defendants. RCW 9.94A.703(f). Crime-related prohibitions prohibit conduct that directly or reasonably relates to the circumstances of the offense. *Hai Minh Nguyen*, 191 Wn.2d at 683-84.

Here, the court exceeded its authority and ordered Morgan to "not enter any bars/taverns/lounges or other places where alcohol is the primary source of business." CP at 113. However, nothing in the record indicates that alcohol contributed to Morgan's offenses. Therefore, the court's community custody condition prohibiting Morgan's entry into "places where alcohol is the primary source of business" is not a crime-related prohibition and was not properly imposed.

6

3. *Condition 22—Alcohol Evaluation and Chemical Dependency Evaluation*

Morgan argues that the trial court exceeded its authority by requiring him to complete an alcohol dependency and chemical dependency evaluation (condition 22) because there is no evidence that alcohol or controlled substances contributed to his offense. We hold that the portion of the condition requiring alcohol dependency evaluation is not authorized, but that the portion requiring chemical dependency evaluation is authorized.

The court may require a defendant to participate in crime-related treatment, counseling services, rehabilitative programs, or other "affirmative conduct reasonably related to the circumstances of the offense, the offender's risk of reoffending, or the safety of the community." RCW 9.94A.703(3)(c)-(d); *see State v. Warnock*, 174 Wn. App. 608, 612, 299 P.3d 1173 (2013); *see also State v. Munoz-Rivera*, 190 Wn. App. 870, 893, 361 P.3d 182 (2015).

The State argues that because the record shows that Morgan has a history of substance abuse issues, particularly methamphetamine, the conditions related to alcohol are reasonably related to the circumstances of his crime. The State's argument assumes that abuse of alcohol is interchangeable with the abuse of other substances. But, alcohol abuse is not interchangeable with the abuse of other substances, like methamphetamine. *Munoz-Rivera*, 190 Wn. App. at 893; *see State v. Jones*, 118 Wn. App. 199, 207, 76 P.3d 258 (2003).

Here, there is no evidence that alcohol played a role in Morgan's offenses, or evidence demonstrating a reasonable connection between alcohol and Morgan's offenses or his risk of reoffending. Thus, the portion of the condition that Morgan complete an alcohol dependency evaluation is not authorized.

Conversely, the portion of the condition requiring Morgan to complete a chemical dependency evaluation is authorized.[4] Morgan asserts that the certification of probable cause does not mention alcohol or controlled substances. But, it is clear from Morgan's offender history and current offenses score that Morgan manufactured methamphetamines during the period of his offenses, and the presentence investigation report lists methamphetamine use among Morgan's risks for reoffending. Thus, the portion of the condition requiring Morgan to undergo chemical dependency evaluation is related to his offense and to his risk of reoffending. This portion requiring a chemical dependency evaluation is authorized.

4. *Condition 5—Notification of Dating Relationship*

Morgan argues that the condition requiring him to inform his CCO of any dating relationship (condition 5) is unconstitutionally vague. We disagree.

Morgan argues that the condition requiring him to inform his CCO of "any dating relationship" is unconstitutionally vague because it is unclear what type of relationship constitutes a "dating relationship." Br. of App. at 12. His argument fails. The Supreme Court recently rejected his precise argument. *Hai Minh Nguyen*, 191 Wn.2d at 682. The court held that the term "dating relationship" provided sufficient information for a person of ordinary intelligence to distinguish it from other types of relationships.[5] *Hai Minh Nguyen*, 191 Wn.2d at 682.

---

[4] Morgan does not separately address the portion of the condition requiring him to complete a chemical dependency evaluation.

[5] Morgan cites *United States v. Reeves*, 591 F.3d 77 (2nd Cir. 2010) in support. But the *Hai Minh Nguyen* court distinguished *Reeves*, and held that the appellant's reliance on *Reeves* was unpersuasive. *Hai Minh Nguyen*, 191 Wn.2d at 682-83.

5. *Condition 20—Prohibiting Entry Into Drug Areas*

Morgan argues that the condition prohibiting him from entering drug areas is unconstitutionally vague. Specifically, he argues that a "drug area[] defined by court or CCO" is not sufficiently definite. Br. of Appellant at 10. We agree.

Washington courts have held that conditions that leave significant discretion to the individual CCOs is unconstitutionally vague. *Sanchez Valencia*, 169 Wn.2d at 795. Division One of this court held that a similar community custody condition that required further definition from a CCO was unconstitutionally vague. *Irwin*, 191 Wn. App. at 655. *Irwin* concerned a community custody condition barring the defendant from places where "children are known to congregate," as defined by his CCO. *Irwin*, 191 Wn. App. at 649. The *Irwin* court concluded that "[w]ithout some clarifying language or an illustrative list of prohibited locations . . . the condition does not give ordinary people sufficient notice to understand what conduct is proscribed." *Irwin*, 191 Wn. App. at 655 (internal quotation marks omitted). The authority given to the CCO to interpret the condition also allowed for unconstitutionally arbitrary enforcement. *Irwin*, 191 Wn. App. at 655. Thus, the condition was unconstitutionally vague. *Irwin*, 191 Wn. App. at 655.

Here, the State concedes that the portion of the condition allowing the CCO to define "drug areas" is unconstitutionally vague. Br. of Resp't at 26. The State argues, however, that the portion allowing the court to define "drug areas" is proper because it is not left to the discretion of the CCO. We accept the State's concession, but reject the State's distinction between the court and the CCO.

The constitutional deficiency identified in *Sanchez Valencia* and *Irwin* is not based on the fact that the CCO *instead of* the court had discretion. *See Sanchez Valencia*, 169 Wn.2d at 795; *Irwin*, 191 Wn. App. at 654-55. Rather, the deficiency is that condition does not provide sufficient notice of prohibited areas and allows for arbitrary enforcement. *See Irwin*, 191 Wn. App. at 649, 655.

Here, the condition prohibiting entry into an undefined area does not provide ordinary people fair warning of the proscribed conduct, and does not provide standards that are definite enough to protect against arbitrary enforcement—regardless of whether the court or the CCO has the discretion to define the drug areas. Leaving the definition of "drug areas" open to the discretion of the court and CCO deprives Morgan of fair warning and allows for arbitrary enforcement.[6]

B.    *LFOs*

Morgan argues, and the State concedes, that we should strike the criminal filing fee, DNA collection fee, and interest accrual on nonrestitution LFOs. We agree.

The State concedes that the criminal filing fee, DNA collection fee, and the interest provision are improper under recent legislative amendments and *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018). We accept the State's concession and remand to the trial court to strike the criminal filing fee, DNA collection fee, and interest accrual on nonrestitution LFOs.

---

[6] Morgan also argues that this condition is not statutorily authorized because it is not crime related. Because the condition is unconstitutionally vague, we do not address whether the condition is statutorily authorized.

No. 51558-0-II

We affirm conditions 11, 19, and 5, but remand to the trial court to strike or modify conditions 21, 22, and 20, as consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Lee, A.C.J.

_____
Cruser, J.