IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 83753-2-I |
| Respondent, | |
| v. | DIVISION ONE |
| MARSHALL SIDELL CREW, | UNPUBLISHED OPINION |
| Appellant. | |

SMITH, C.J. — Marshall Crew pleaded guilty to several counts of child molestation of his daughter, A.C. Crew raises two issues on appeal. He first contends that the trial court considered facts not admitted in his plea agreement when it denied his request for a special sex offender sentencing alternative, in violation of the real facts doctrine. He also contends that the court imposed a condition of community custody—requiring consent to home visits by the Department of Corrections—that violates his rights under article 1, section 7 of the Washington Constitution and the Fourth Amendment to the U.S. Constitution. We disagree with both contentions and affirm.

FACTS

A.C. passed a note to her friend at school that said her father, Marshall Crew, had been sexually abusing her. She was 12 years old at the time. In interviews with a Snohomish County Sherriff's Office deputy and a child forensic interviewer, she elaborated that the abuse had happened regularly for several years.

Crew was charged with two counts of first degree child molestation and one count of second degree child molestation, all with domestic violence enhancements. He pleaded guilty to all three. He asked to be sentenced to a Special Sex Offender Sentencing Alternative (SSOSA).[1]

The trial court denied Crew's request for a SSOSA. It sentenced him to the top of the standard range: 130 months on each of the first two counts and 75 months on the third. And it sentenced him to a lifetime term of community custody under the supervision of the Department of Corrections (DOC). The court also imposed a number of community custody conditions.

Crew appeals.

## ANALYSIS

### Real Facts Doctrine

Crew's argument under the real facts doctrine centers on the trial court's pronouncement at sentencing that Crew "decided to act in the way [he] did on numerous occasions, and [he] molested [his] own daughter on numerous occasions." This, he asserts, shows that the trial court relied on acts other than those Crew admitted to in his plea agreement. We conclude that the court did not violate the real facts doctrine.

One of the factors the court must weigh when deciding whether to grant a SSOSA is "the extent and circumstances of the offense." RCW 9.94A.670(4).

---

[1] A SSOSA imposes a term of confinement that is, at least in part, suspended to allow for community-based treatment. RCW 9.94A.670(5)-(8). If the SSOSA recipient fails to follow program and community custody requirements, the trial court may revoke the suspended sentence, reinstating service of the suspended term of confinement. RCW 9.94A.670(9)-(11).

This language does not mean the court may consider any facts presented to it, however. The scope of the court's consideration is bounded by the "real facts" doctrine, which originates in RCW 9.94A.530. State v. Brown, 193 Wn.2d 280, 291 n. 4, 440 P.3d 962 (2019). When a trial court imposes a sentence other than one that exceeds the standard range,

> the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing, or proven pursuant to RCW 9.94A.537.[2]

RCW 9.94A.530(2).

We review a trial court's SSOSA denial for abuse of discretion. State v. Sims, 171 Wn.2d 436, 445, 256 P.3d 285 (2011). One of the ways a court abuses its discretion is by applying an incorrect legal standard. State v. Pervez, 15 Wn. App. 2d 265, 272, 478 P.3d 103 (2020). Crew does not challenge the court's weighing of the several factors relevant to granting a SSOSA. See RCW 9.94A.670(4). He asserts only that the trial court committed an error of law constituting an abuse of discretion because it considered facts outside the scope of the real facts doctrine.

However, the court did not consider improper facts. Crew was charged with and pleaded guilty to three counts of child molestation. The first two counts concerned individual acts of abuse on nonspecific days between October 8, 2016 and October 7, 2020; the third concerned an act of abuse on May 2, 2021. Crew's plea agreement included statements admitting to the essential elements

---

[2] RCW 9.94A.537 concerns sentences above the standard range, and is therefore not applicable here.

of each of these charges. The agreement also allows "[f]acts to be considered for imposing sentence [] as set forth in the affidavit(s) of probable cause previously filed in this Cause Number."

The trial court was therefore permitted to look at facts in the affidavit of probable cause when considering "the extent and circumstances of the offense." The affidavit of probable cause included information from A.C. that Crew had been abusing her for "about four years," beginning when she was eight years old and spanning their residence at two properties. Her initial report asserted that the abuse occurred "every night." As described in the affidavit, Crew admitted to a frequency of abuse of "once or twice a month" for about three years.

The trial court's statement about "numerous" instances of abuse may refer only to the three occurrences Crew admitted in his plea deal. It could also be interpreted to touch on the affidavit's mention of a more regular pattern of behavior. Either way, it encompasses the "extent and circumstances" of the offenses to which Crew pleaded; it references nothing beyond statements from the affidavit, properly incorporated for consideration at sentencing by the terms of the plea. We therefore do not agree with Crew that the trial court considered facts barred by the real facts doctrine. Finding no error, we conclude that the trial court acted within its discretion.

## Condition of Community Custody

Crew next challenges the 12th community custody condition of Appendix 4.2 to his judgment and sentence:

4

> You must consent to DOC home visits to monitor your compliance with supervision. Home visits include access for purposes of visual inspection of all areas of the residence in which you live or have exclusive or joint control and/or access.

He contends that this condition violates his rights to be free from unwarranted government intrusion under the Washington[3] and United States[4] constitutions. But Crew's challenge is not ripe for review.

The Washington State Supreme Court addressed a pre-enforcement challenge under the same constitutional rights to this exact community custody condition in State v. Cates, 183 Wn.2d 531, 533-37, 354 P.3d 832 (2015). It stated that a community custody condition is ripe for review on its merits " 'if the issues raised are primarily legal, do not require further factual development, and the challenged action is final.' " Cates, 183 Wn.2d at 534 (internal quotation marks omitted) (quoting State v. Sanchez Valencia, 169 Wn.2d 782, 786-91, 239 P.3d 1059 (2010)). It held that this condition was not ripe for review, though, because whether a search potentially authorized under the condition violates constitutional protections " 'depends on the particular circumstances of the attempted enforcement.' " Cates, 183 Wn.2d at 535 (quoting Sanchez Valencia, 168 Wn.2d at 789).

---

[3] Article 1, section 7 of the Washington Constitution mandates: "No person shall be disturbed in his private affairs, or his home invaded, without authority of law."

[4] The Fourth Amendment to the United State Constitution mandates: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Crew's attempts to distinguish <u>Cates</u> are unavailing; we are bound by this Supreme Court precedent, which directly addresses the ripeness of the same constitutional challenge to the same community custody provision.

We affirm.

Smith, C.J.

WE CONCUR:

Coburn, J.                    Hazelrigg, A.C.J.