IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59096-4-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| CYRUS NELSON PLUSH, II, | |
| Appellant. | |

CHE, J. — Cyrus Nelson Plush, II appeals his conviction for failure to register as a sex offender. At sentencing, the trial court imposed a boilerplate community custody condition requiring Plush to "[r]emain within prescribed geographical boundaries."

Plush appeals. He argues that the community custody condition requiring him to remain within unspecified geographic boundaries is unconstitutionally vague. We disagree and affirm.

FACTS

In 1994, Plush was convicted in Cowlitz County of five counts of attempted communicating with a minor for immoral purposes, which required him to register as a sex offender. Plush was released from custody in Grays Harbor County for a different crime in March 2023 and immediately moved to Olympia. He did not register as a sex offender in any county after his release. In April 2023, the State charged Plush with failure to register as a sex offender. After a bench trial, a trial court convicted Plush.

The trial court imposed a sentence at the bottom of the standard range of 43 months confinement followed by 36 months of community custody. The trial court also imposed community custody conditions. The judgment and sentence included preprinted lists of conditions with checkboxes to indicate whether the court was imposing each ground of conditions. The trial court checked the box to impose the list of "[s]tandard" community custody conditions. Clerk's Papers (CP) at 14. This list included a condition requiring Plush to "[r]emain within prescribed geographical boundaries and notify the court and [community custody officer] in advance of any change in address or employment." CP at 14. Other conditions also required Plush to "obey instructions, affirmative conditions, and rules of the court," the Department of Corrections (DOC), and his community custody officer; and to work and reside only at DOC-approved locations. CP at 14.

Plush appeals.

ANALYSIS

Plush argues that this court should strike the community custody condition requiring him to remain within prescribed geographic boundaries because the condition is unconstitutionally vague. Plush does not challenge the part of the condition about notifying his community custody officer of any change in address or employment.

Plush asserts that the community custody condition "provides no guidance regarding what areas might be off limits and gives a community corrections officer unfettered discretion to forbid any area." Br. of Appellant at 3. He argues that the condition "provided no information about what geographic boundaries he might be required to follow, and the officer is given no

guidance regarding what type of geographic boundaries might be appropriate." Br. of Appellant at 5. We disagree.

The community custody condition at issue in this case was imposed under RCW 9.94A.703(3)(a), which provides: "As part of any term of community custody, the court may order an offender to . . . [r]emain within, or outside of, a specified geographic boundary."

"This court reviews community custody conditions for abuse of discretion and will reverse them only if they are 'manifestly unreasonable.'" *State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015) (quoting *State v. Sanchez Valencia*, 169 Wn.2d 782, 792, 239 P.3d 1059 (2010)). Imposing an unconstitutional condition is manifestly unreasonable. *State v. Johnson*, 197 Wn.2d 740, 744, 487 P.3d 893 (2021). And we do not presume that community custody conditions are constitutional. *Sanchez Valencia*, 169 Wn.2d at 793.

"[T]he due process vagueness doctrine under the Fourteenth Amendment and article I, section 3 of the state constitution requires that citizens have fair warning of proscribed conduct." *State v. Bahl*, 164 Wn.2d 739, 752, 193 P.3d 678 (2008). "A statute is unconstitutionally vague if it . . . 'does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed, or . . . does not provide ascertainable standards of guilt to protect against arbitrary enforcement.'" *Id*. at 752-53 (quoting *City of Spokane v. Douglass*, 115 Wn.2d 171, 178, 795 P.2d 693 (1990)). If a person of ordinary intelligence can understand what conduct is prescribed, even if there are some possible areas of disagreement, the community custody condition is not unconstitutionally vague. *Johnson*, 197 Wn.2d at 747. The Supreme Court has repeatedly "held that community custody conditions that required further definition from [community custody officers] were unconstitutionally vague." *Irwin*, 191 Wn. App. at 654.

No published case has discussed the exact wording of the condition at issue in this case. Plush cites several unpublished cases that have struck similar conditions. For example, Division Three recently held that a condition requiring the defendant to "[r]emain within [a] geographic boundary, as set forth in writing by the Community Corrections Officer" was unconstitutionally vague because the condition "does not provide any guidance or clarification regarding the geographic boundaries to be set such that an ordinary person would understand the conduct proscribed or otherwise define 'geographic boundary.'" *In re Pers. Restraint of Bratcher*, No. 39758-1-III, slip op. at 4-5 (Wash. Ct. App. Apr. 2, 2024) (unpublished) https://www.courts.wa.gov/opinions/ pdf/397581_unp.pdf.

In contrast, Division One recently published an opinion affirming a community custody condition imposed by a sentencing court that directed the defendant to "[r]emain within geographic boundaries, as set forth in writing by'" the community corrections officer. *State v. Lundstrom*, No. 86537-4-I, slip op. at 3-4 (Wash. Ct. App. July 28, 2025) https://www.courts.wa.gov/opinions/pdf/865374.pdf (alteration in original). Division One explained that "a person of ordinary intelligence can understand what the condition proscribes. Its plain language requires that Lundstrom adhere to any geographic restrictions that a [community corrections officer] . . . set[s] forth in writing." *Id*. at 4 (third alteration in original) (internal quotation marks omitted).

Similar to Division One's approach, this court recently affirmed as sufficiently definite a condition requiring a defendant to "'[r]emain within geographic boundaries, as set forth in writing by the Department of Corrections.'" *State v. Moore*, No. 59282-7-II, slip op. at 1 (Wash. Ct. App. July 1, 2025) (unpublished), https://www.courts.wa.gov/opinions/pdf/59282-7.25.pdf.

This court reasoned that the "conduct proscribed is clear and unambiguous" because "Moore must comply with the written restrictions provided by DOC; any reasonable person would understand what is prohibited." *Id.*, slip op. at 2. This court held that the condition in that case was not vague due to the fact that "DOC does not have unbridled discretion to set the geographic boundaries" because "community custody conditions set by DOC . . . must be reasonably related to the crime of conviction, the offender's risk of reoffending, or the safety of the community." *Id.*, slip op. at 2-3.

The condition at issue in this case requires that Plush "[r]emain within prescribed geographical boundaries." CP at 14. Numerous other conditions in the same section refer to directions from the DOC or his community custody officer. In context, a person of ordinary intelligence would understand that the condition requires Plush to follow geographic restrictions set forth by the DOC and his community custody officer. *Johnson*, 197 Wn.2d at 747; *Lundstrom*, No. 86537-4-I, slip op. at 3-4. And because community custody officers do not have unbridled discretion to set geographic boundaries, the condition is not subject to arbitrary enforcement. *Bahl*, 164 Wn.2d at 752. Therefore, the challenged condition is not unconstitutionally vague.

## CONCLUSION

We affirm.

5

No. 59096-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Maxa, J.

Veljacic, A.C.J.