IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>          Respondent,<br><br>      v.<br><br>ABDURAKHMON B<br>MUKHAMMADJONOV,<br><br>          Appellant. | No. 86710-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — Abdurakhmon Mukhammadjonov appeals his criminal sentence for indecent liberties. He argues a community custody condition ordering he remain within geographical boundaries is unconstitutionally vague. We disagree and affirm.

## BACKGROUND

Mukhammadjonov was charged with indecent liberties based on sexual contact with E.O. in October 2022. A jury found him guilty and the trial court sentenced him on December 20, 2024. His sentence included 15 months of incarceration and 36 months on community custody. As part of the standard conditions of community custody for sex offenses, Mukhammadjonov was required to "[r]emain within geographic boundaries, as set forth in writing by the [Community Custody Officer (CCO)] or as set forth with SODA order." Mukhammadjonov appeals his sentence solely as to this condition.

## DISCUSSION

Mukhammadjonov challenges the constitutionality of the community custody condition regarding geographic boundaries and urges this court to reconsider its

decision in State v. Lundstrom, 34 Wn. App. 2d 977, 572 P.3d 1243 (2025), where we held that this exact condition is not unconstitutionally vague.[1] The State contends Lundstrom was correctly decided and further posits that Mukhammadjonov's challenge is not ripe for review.

## I. Ripeness

We did not address in Lundstrom whether a challenge to the geographic limitation community custody condition was ripe. Pre-enforcement challenges to community custody conditions are ripe for review " ' "if the issues raised are primarily legal, do not require further factual development, and the challenged action is final." ' " State v. Valencia, 169 Wn.2d 782, 786, 239 P.3d 1059 (2010) (quoting State v. Bahl, 164 Wn. 2d 739, 193 P.3d 678 (2008) (quoting First United Methodist Church v. Hr'g Exam'r for Seattle Landmarks Pres. Bd., 129 Wn.2d 238, 255-56, 916 P.2d 374 (1996))). " 'The court must also consider "the hardship to the parties of withholding court consideration." ' " Id.

We first address whether the issue is primarily legal. "In many cases, vagueness questions will be amenable to resolution as questions of law." Bahl, 164 Wn.2d at 752. Our Supreme Court has held a vagueness challenge to a community custody condition is ripe where "many courts have addressed, as legal questions, vagueness challenges to terms the same as, or comparable to, the terms in the conditions" challenged by an

---

[1] Mukhammadjonov argues that the authority we relied on in Lundstrom "is all unpublished, and none of it offers any meaningful analysis." To the contrary, Lundstrom relied on published authority guiding interpretation of community custody provisions, including, e.g., City of Spokane v. Douglass, 115 Wn.2d 171, 795 P.2d 693 (1990); State v. Ortega, 21 Wn. App. 2d 488, 506 P.3d 1287 (2022); and State v. Bahl, 164 Wn.2d 739, 193 P.3d 678 (2008). See Lundstrom, 34 Wn. App. at 980-81. The cases Mukhammadjonov urges us to consider instead are unpublished and lack precedential value. See GR 14.1. And, in Lundstrom, we explained our reasoning for declining to follow those cases. 34 Wn. App. at 981.

appellant. See id. at 752. Here, Lundstrom addressed a vagueness challenge to terms identical to the terms in the condition challenged by Mukhammadjonov. And, indeed, Mukhammadjonov challenges this court's legal reasoning in Lundstrom. Accordingly, following the reasoning in Bahl, we conclude that Mukhammadjonov's challenge is primarily legal.

Next, we consider whether the issue requires further factual development. Conditions that require state action "are not ripe for review until the State attempts to enforce them because their validity depends on the particular circumstances of the attempted enforcement." Valencia, 169 Wn.2d at 789. However, a challenge to a community custody condition does not require factual development where "[t]he condition at issue places an immediate restriction on the petitioners' conduct, without the necessity that the State take any action." Id.

The State relies on State v. Cates, 183 Wn.2d 531, 354 P.3d 832 (2015), to argue that further factual development is needed to consider Mukhammadjonov's challenge. But Cates is distinguishable. In Cates, the defendant challenged a community custody condition that he alleged "require[d] [him] to 'consent' to searches by his CCO, merely upon the CCO's request, without specifying that the search must be based on reasonable cause." Id. at 535. The condition as written, however, did not authorize any searches, and only allowed the State to inspect "Cates' residence or computer . . . 'to monitor [Cates'] compliance with supervision.' " Id. (alteration in original) (footnotes and citations omitted). Accordingly, the court held that the challenge was not ripe because the challenge had "no basis in the language of the condition

3

actually imposed" and instead relied on "[s]ome future misapplication of the community custody condition" which would require "[f]urther factual development." Id.

Unlike the challenge in Cates, Mukhammadjonov's challenge concerns the language of the condition imposed and is independent of the "particular circumstances of the attempted enforcement." See Valencia, 169 Wn.2d at 789. Accordingly, the issue is ripe.

## II. Vagueness

"[T]he due process vagueness doctrine under the Fourteenth Amendment and article I, section 3 of the state constitution requires that citizens have fair warning of proscribed conduct." Bahl, 164 Wn.2d at 752. To that end, "a community custody condition is unconstitutionally vague if it '(1) . . . does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed, or (2) . . . does not provide ascertainable standards of guilt to protect against arbitrary enforcement.' " State v. Nguyen, 191 Wn.2d 671, 678, 425 P.3d 847 (2018) (alterations in the original) (quoting City of Spokane v. Douglass, 115 Wn.2d 171, 178, 795 P.2d 693 (1990)).

In Lundstrom, we held that the community custody condition requiring compliance with CCO-imposed geographical limitations is not unconstitutionally vague. 34 Wn. App. at 983. As to whether the condition was sufficiently definite, we reasoned,

> Under RCW 9.94A.703(1)(b), the sentencing court must order that the offender "comply with any conditions imposed by [the Department of Corrections (DOC)] under RCW 9.94A.704." And under RCW 9.94A.704(3)(b), DOC must instruct an offender to "[r]emain within prescribed geographical boundaries."
>
> Here, the sentencing court complied with that statutory mandate. It ordered Lundstrom to "[r]emain within geographic boundaries, as set forth

> in writing by the [CCO] or as set forth with SODA order." And a person of ordinary intelligence can understand what the condition proscribes. Its plain language requires that Lundstrom adhere to any geographic restrictions that a CCO or SODA order "set[s] forth in writing."

Id. at 980 (alteration in the original).

Mukhammadjonov argues that, in so concluding, "Lundstrom improperly read a limiting standard into the [geographic boundary community custody] condition that is not written there, and which is from a statute that is not referenced in the condition." Mukhammadjonov contends that instead, "[a] geographical restriction condition, when imposed, needs to be filled with content. That content must put the person on reasonable notice of what must be done to comply with the condition." In other words, he suggests a condition must be sufficiently definite based on the condition's language alone. In support of his contention that "[c]ommunity custody conditions are assessed as written," Mukhammadjonov cites Valencia, which stated, "either the condition as written provides constitutional notice and protection against arbitrary enforcement or it does not." 169 Wn.2d at 789. However, the court made this statement in its discussion of ripeness, explaining that, as discussed above, a challenge to a community custody condition is ripe for review when the "question is not fact dependent" and when the question is whether "the condition as written provides constitutional notice and protection against arbitrary enforcement or it does not." 169 Wn.2d at 789. Valencia did not purport to confine the vagueness analysis to the four corners of the condition.

Instead, to determine whether a person of ordinary intelligence is provided fair warning as to what the law proscribes, we consider "the context of the entire enactment," not just the challenged language "in a vacuum." City of Spokane, 115 Wn.2d at 180. Indeed, we give the condition's language "a sensible, meaningful, and

practical interpretation." Id. Mukhammadjonov ignores these interpretive guidelines by urging that the constitutional vagueness inquiry depends on the language of the condition alone.

Further, Mukhammadjonov argues that, even considering the condition in a broader context, the condition is unconstitutionally vague because it lacks ascertainable standards to protect against arbitrary enforcement, contrary to our decision in Lundstrom. We disagree.

As the State notes, arguing that the condition is vague conflates two questions: "whether a vague condition can be rendered unvague by deferring to the CCO's subjective assessment of what is meant to be prohibited" and the different question of "whether state law may grant [DOC] the authority to establish geographic boundary conditions in the first instance."[2] Mukhammadjonov's first argument is premised on a line of cases that began with Bahl, 164 Wn.2d 739, and includes State v. Irwin, 191 Wn. App. 644, 364 P.3d 830 (2015), and State v. Magaña, 197 Wn. App. 189, 389 P.3d 654 (2016). In Bahl, the court held a community custody condition prohibiting the defendant from "possess[ing] or access[ing] pornographic materials, as directed by the supervising [CCO]," was unconstitutionally vague. 164 Wn.2d at 743. Relying on Bahl, the courts in Irwin and Magaña similarly held that a community custody condition prohibiting the probationer from frequenting areas where children were known to congregate or other areas as defined by the supervising CCO[3] was unconstitutionally vague because the

---

[2] The State relies on an unpublished decision that set out this analysis, State v. Boese, No. 86684-4-I (Wash. Ct. App. Aug. 4, 2025) (unpublished), https://www.courts.wa.gov/opinions/pdf/866834.pdf. We adopt the reasoning in Boese and cite to it under GR 14.1(c).

[3] The conditions at issue in Magaña and Irwin each had slightly different language. The condition in Irwin read: "Do not frequent areas where minor children are known to congregate, as defined by the supervising CCO." 191 Wn. App. at 652. The condition in Magaña was more specific, reading: "Do not

condition afforded too much discretion to the CCO and was thus subject to arbitrary enforcement. Irwin, 191 Wn. App. at 654-55; Magaña, 197 Wn. App. at 201. Relying on Bahl, the court in Irwin reasoned, "the fact that a CCO could 'direct what falls within the condition only ma[de] the vagueness problem more apparent, since it virtually acknowledge[d] that on its face it d[id] not provide ascertainable standards for enforcement.' " 191 Wn. App. at 654 (quoting Bahl, 164 Wn.2d at 758). And relying on Irwin, the Magaña court reasoned, "While the condition lists several prohibited locations and explains that the list covers places where children are known to congregate, the CCO's designation authority is not tied to either the list or the explanatory statement. As written, the discretion conferred on the CCO . . . is boundless." 197 Wn. App. at 201.

> As we explained in Boese,
>
> > Bahl and Irwin both explain that when the court sets a condition that imposes a vague restriction—to avoid "pornography" or places "where there may be children"—the problem is not cured by asking a CCO to try to define the court's intended prohibition. This hews to the traditional framework for the "void for vagueness" doctrine. The doctrine has been used to invalidate "two kinds" of criminal laws, "laws that *define* criminal offenses and laws that *fix the permissible sentences* for criminal offenses." Beckles v. United States, 580 U.S. 256, 262, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017). Bahl and Irwin involved laws of the first kind. In both cases, the challenged condition too vaguely defined what the defendant was prohibited from doing.

Boese, No. 86684-4-I, slip op. at 7-8. By contrast, the condition here "does not purport to prohibit [the probationer] from any place. It requires only that [the probationer] follow a geographical restriction that is separately imposed." Id. at 8. In other words, "the court

---

frequent parks, schools, malls, family missions or establishments where children are known to congregate or other areas as defined by supervising CCO." 197 Wn. App. at 200. In both cases, we found the conditions unconstitutionally vague.

has not imposed any geographical restriction, but only a requirement that if one is established it be followed." Id. An ordinary person can understand this requirement.

Further, the condition does not give the CCO unfettered power to "direct what falls within the condition," Bahl, 164 Wn.2d at 758, by defining a term of the condition, as was the case in Magaña, Irwin, and Bahl. See Lundstrom, 34 Wn. App. at 982 (distinguishing Irwin on this basis). In Lundstrom, we explained that the CCO's discretion is not unfettered in setting geographic boundaries as a community custody condition because RCW 9.94A.704(7)(b) limits the CCO's authority "to conditions 'reasonably related to . . . [t]he crime of conviction, the offender's risk of reoffending, or the safety of the community.' " Id. at 981. Mukhammadjonov argues that this conclusion "is wrong," because "RCW 9.94A.704(7)(b) places no affirmative parameters on the CCO's authority to impose conditions" and, instead, "it outlines an administrative process for the person subject to community custody conditions to object to a condition imposed by the CCO." We disagree.

Again, in reviewing the challenged condition, we assess whether "the condition as written provides constitutional notice and protection against arbitrary enforcement." Valencia, 169 Wn.2d at 789. And in so doing, we look at "the context of the entire enactment," not just the challenged language "in a vacuum." City of Spokane, 115 Wn.2d at 180. Here, the statute identifies limitations on DOC-imposed community custody conditions:

> Within 10 business days of receiving notice of a condition imposed or modified by the department, an offender may request an administrative review under rules adopted by the department. The condition shall remain in effect if the reviewing officer finds that it is reasonably related to at least one of the following: The crime of conviction, the offender's risk of reoffending, or the safety of the community.

8

RCW 9.94A.704(7)(b).

Even though, as Mukhammadjonov notes, this language is set out in the context of the administrative process for challenging a condition, that administrative process is part of the relevant statutory scheme. Therefore, because the statute provides parameters that protect against arbitrary enforcement by a CCO, the condition is not void for vagueness.[4]

Finally, Mukhammadjonov asks this court to "clarify" the condition by "us[ing] the authorized language set forth in RCW 9.94A.703(1)(b): 'Require the offender to comply with any conditions imposed by the department under RCW 9.94A.704,' " thereby "explicitly tying [the condition] to the DOC's authority to impose conditions under RCW 9.94A.704, rendering this aspect of the sentence definite and certain." For the reasons articulated above, the condition does not require such clarification.

We affirm.

_____
Chung, J.

WE CONCUR:


_____        _____
Díaz, J.                                                              , ACJ

---

[4] Should a CCO impose geographic restrictions that Mukhammadjonov deems impermissibly vague, at that point, review of the language of those restrictions is available under RCW 9.94A.704(7)(b).